BENJAMIN S. WRIGHT *vs.* WILLIAM T. FOSTER & another.

The admission in rebuttal of evidence to corroborate the plaintiff's testimony in chief affords the defendant no ground of exception.

CONTRACT for the price of copper and yellow metal sold to William T. Foster and William G. Roby. Trial in the superior court, before *Pitman,* J., who, after a verdict for the plaintiff, allowed a bill of exceptions substantially as follows :

The plaintiff testified that he called on Roby, and asked him what he would give for old yellow metal ; that Roby said he would give twelve and a half cents per pound ; that he told Roby he had some now being taken from the ram Columbia, at Simpson's dock ; that nothing was said at that time about copper ; that three hours afterwards he called again upon Roby, at his store, and told him he could have the yellow metal at twelve and a half cents per pound, and requested him to send for it at once, which was done ; that he went from the store to the dock, and found under the ram some scraps of copper metal ; and that, finding it had not been weighed, he told the teamster to request Roby to weigh it, and on his return to the city called at the defendants' store, fearing that the teamster had forgotten his errand, and requested Roby to weigh the copper and give him credit for it.

After the plaintiff rested his case, the defendants introduced evidence to show that the contract for the copper and yellow metal was made not with the plaintiff personally, but with one Herbert, as his agent. On this point the evidence was contradictory. Roby testified that the plaintiff called on him, at the defendants store, at the time last testified to by the plaintiff, and requested him to weigh and give him credit for some scraps of yellow metal, which he stated had not been weighed ; that the metal referred to, and pointed out by the plaintiff, was yellow metal, and not copper ; and that the defendants had given credit to the plaintiff for one hundred pounds of yellow metal which were not sued for. The plaintiff, to contradict Roby, called a witness in rebuttal, who among other things was allowed to testify, against the objec-

tion of the defendants, "that he went with the plaintiff from the defendants' store to Simpson's dock, went with the plaintiff down under the ram, was with him when he found some copper, and helped collect it at the time testified to by the plaintiff; that it was copper, and not yellow metal; and that he heard the plaintiff give the directions to the teamster, as testified to by the plaintiff."

*W. S. Gardner*, for the defendants.

*S. J. Thomas*, for the plaintiff.

MORTON, J. The plaintiff, in order to prove that he personally sold the copper to the defendants, testified that, after making a contract for the yellow metal, he went to the dock and found under the ram some copper metal, which he sent by a teamster to the defendants with a request that Roby should weigh it, and that afterwards he called at the defendants' store and requested Roby to weigh it and give him credit for it. To meet this, Roby testified that the plaintiff, at the time specified by him, requested him, Roby, to weigh and give him credit for some yellow metal which was pointed out by the plaintiff; and that the defendants had given credit to the plaintiff for such yellow metal.

In rebuttal, the plaintiff was permitted to introduce a witness who testified that he went with the plaintiff to the dock, and was with him when he found some copper, and heard him give the directions to the teamster as testified to by the plaintiff. The defendants objected to this testimony, but we think it was competent. It corroborated the plaintiff in material parts of the transaction to which he testified, and would have been admissible for him in chief. Being so, it was within the discretion of the presiding judge to admit it at any stage of the trial. Whether it contradicted Roby or not, it had some tendency to show that the copper was sent and sold to the defendants by the plaintiff personally, and no exception lies to its admission in rebuttal. *Commonwealth* v. *Moulton*, 4 Gray, 39. *Morse* v. *Potter*, Ib. 292. *Exceptions overruled.*