JENNIE McGINN vs. THOMAS C. PLATT & another, receivers.

Worcester.　October 1, 1900. — October 19, 1900.

Present: HOLMES, C. J., KNOWLTON, MORTON, LATHROP, & HAMMOND, JJ.

*Fire communicated by Locomotive — Evidence — Finding.*

In view of the close proximity of a building to a railroad, alleged to have been burned by fire communicated by locomotive engines running on the railroad, of the uphill grade of the track westerly from that point and the consequent necessity for greater exertion by the engines, the usual and frequent passage of the trains by day and by night, and the evidence as to the passage of a train on the night of the fire and some time before it was discovered, the dryness of the weather, the absence of any other apparent cause for the fire (the house being unoccupied and having no stove or other article of furniture in it and the door being locked); and also in view of the evidence as to where the fire started, which would justify a finding that it started upon the shingled roof; and of the fact that engines had frequently emitted sparks in that vicinity which had caused fires, it cannot be said that the finding that the fire was communicated by the engines was not warranted.

At the trial of an action for the loss of a house by fire communicated by locomotive engines, evidence concerning the emission of sparks at other times and of other fires thereby caused is admissible as tending to show the possibility, and, in the absence of any other apparent cause, the consequent probability, that some engine caused the fire.

TORT, for the loss of a house by fire communicated by locomotive engines running on a railroad operated by the defendants as receivers.

At the trial in the Superior Court, without a jury, before *Sherman*, J., it appeared that there were outstanding mortgages on the premises, and that they had been covered by insurance which was paid to the plaintiff. The defendants requested the following rulings: 1. There is no sufficient evidence to warrant a verdict for the plaintiff. 2. The amount of the money paid to the plaintiff under the insurance policy must be deducted from any verdict rendered. 3. The plaintiff cannot maintain this case against these defendants because there were and are outstanding mortgages on the premises, and the defendants are liable to the mortgagees, if to anybody. The judge refused so to rule and found for the plaintiff; and the defendants alleged exceptions, which appear in the opinion.

*F. P. Goulding,* for the defendants.

*F. F. Dreser,* (*F. B. Smith & T. H. Gage, Jr.* with him,) for the plaintiff.

HAMMOND, J.  The defendants having waived their exceptions to the refusal of the court to give the second and third rulings requested, the only questions before us are whether there was sufficient evidence to warrant a finding that the fire was communicated by the engines, and whether the evidence of sparks and fires on other occasions was admissible.

The house was a frame dwelling-house with shingled roof, and was situated near the railroad and at a lower level, so that the roof was nearly on a level with the track.  The plaintiff testified that she should say the distance between the house and the railroad was eleven or twelve yards ; that at the time of the fire, which occurred on the morning of October 14, 1894, the house was vacant, and had been about two weeks; that it was locked; that there was no stove nor any other furniture in it, but that it was entirely empty ; that she lived in another house about two yards from it; " that nobody had been in the house that was burned, and there was no fire in the house during the time it had been vacant, no fire and no stove in it " ; that it was a two tenement house, containing in all about eleven rooms ; that there was only one door to the house, and that when she first saw the fire it was on the roof " right over " this door ; that this door was between the two tenements and was " towards the railroad."

The fire was discovered by one Callahan between five and six o'clock in the morning.  He testified that as he was going by the house he smelled smoke ; that he burst open the door and saw a hole on one side of the jamb of the door and about three feet from the threshold of the door ; and that the " fire was down there " ; that there was a hole down through the roof; that he could not say whether the " hole had burned down " ; and that the fire on the roof at that time was " just a little spark," less than twelve or fifteen inches long.

Shortly afterwards the plaintiff, who had been awakened by a messenger sent by Callahan, appeared at the fire.  She testified that when she got there there was no fire inside of the house, but that there was fire on the roof.  The plaintiff further

testified that the house was west from the station, and that " the track goes up a high grade there."

Evidence was also introduced tending to show that the engines going in a westerly direction on this railroad in this vicinity frequently emitted sparks, and that fires had been thus caused; that engines often passed this point at night; and the plaintiff testified that on the night of the fire she heard a train pass, but she could not tell exactly what time it was.

There was no evidence as to whether there was any wind. There was evidence that there had been no rain for a few days, but that there might have been dew. It is not profitable to rehearse the evidence in greater detail. It was in many respects conflicting, especially with reference to the question whether the fire originated on the roof or near the door, but in view of the close proximity of the building to the railroad, the uphill grade of the track westerly from that point, and the consequent necessity for greater exertion by the engines, the usual and frequent passage of the trains by day and by night, and the evidence as to the passage of a train on the night of the fire and some time before it was discovered, the dryness of the weather, the absence of any other apparent cause for the fire (the house being unoccupied and having no stove or other article of furniture in it, and the door being locked); and also in view of the evidence as to where the fire started, which would justify a finding that it started upon the shingled roof; and of the fact that engines had frequently emitted sparks in that vicinity which had caused fires, we cannot say that the finding that the fire was communicated by the engines was not warranted.

For a case somewhat similar, though stronger for the plaintiff therein, see *Wild* v. *Boston & Maine Railroad*, 171 Mass. 245.

The evidence concerning the emission of sparks at other times, and of other fires thereby caused, was admissible. It tended to show the possibility, and, in the absence of any other apparent cause, the consequent probability, that some engine caused the fire. Tindal, C. J. and Maule, J., in *Piggot* v. *Eastern Counties Railway*, 3 C. B. 229. See *Annapolis & Elkridge Railroad* v. *Gantt*, 39 Md. 115, 135; *Sheldon* v. *Hudson River Railroad*, 4 Kernan, 218; *Smith* v. *Old Colony & Newport Railroad*, 10 R. I. 22; *Grand Trunk Railroad* v. *Richardson*, 91 U. S. 454, 470.                                *Exceptions overruled.*