HALLWOOD CASH REGISTER COMPANY *vs.* ALFRED D. PROUTY.

Hampden.   September 24, 1907. — October 15, 1907.

Present: KNOWLTON, C. J., MORTON, BRALEY, SHELDON, & RUGG, JJ.

*Witness. Evidence. Practice, Civil,* Exceptions, Offer of proof. *Damages. Conversion.*

At the trial of an action for the alleged conversion of a cash register, it appeared that the cash register in question had been manufactured by the plaintiff, whose district manager had testified that the plaintiff had ceased manufacturing registers like the one alleged to have been converted. He then was asked by the defendant "if he knew why." The plaintiff objected, and the defendant offered to show, on the question of the value of the machine, that the manufacture of this particular model had been discontinued by the plaintiff because it did not give satisfaction, and that, at the time of the alleged conversion, machines of this

model were sold, and the machine alleged to have been converted then could have been bought, at a greatly reduced price. The objection to the question was sustained by the presiding judge. *Held*, that the question was incompetent and the objection to it properly sustained, and that the evidence offered properly was excluded because the offer was broader than the question and in large part not responsive to it.

One cannot propound at a trial a question incompetent in its substance and narrow in its scope and then, by offering to prove matters irresponsive to the question though material to the case, save a good exception to a ruling sustaining an objection to the question.

An exception to a ruling by a judge presiding at a trial sustaining an objection to a question propounded to a witness by the excepting party will not be sustained where no offer was made of what was expected as a reply to the question, because it does not appear that the excepting party suffered any harm.

At the trial of an action for the alleged conversion of a cash register, a witness who had testified that he had bought and sold a number of registers of the same model as that of the one alleged to have been converted, was asked " Will you state the average price that such registers brought ? " An objection to the question was sustained. *Held*, that the objection properly was sustained because such " average price " would have had no worth as evidence of the value of the register in question.

TORT for the conversion of a cash register. Writ in the Police Court of Springfield dated May 31, 1902.

On appeal, there was a trial before *Hitchcock*, J., without a jury, and a finding for the plaintiff. The defendant excepted to rulings of the presiding judge excluding evidence, as stated in the opinion.

The case was submitted on briefs.

*H. A. Buzzell*, for the defendant.

*W. B. Stone*, for the plaintiff.

RUGG, J.    This is an action of tort for the conversion of a cash register.  The plaintiff introduced evidence of title in itself, value and conversion by the defendant.  The defendant called a former district manager and sales agent of the plaintiff, who testified that the plaintiff had ceased to manufacture machines like that in controversy shortly after June, 1901 (the sale of this machine having been made in March, 1901).  In response to the question " if he knew why " the offer was made " for the purpose of determining the value of a machine of. this class at the time of the alleged conversion " to show that " the manufacture of this particular model had been discontinued by the plaintiff because it did not give satisfaction.  They had made improvements, and had discontinued the sale of this model at the original price ; that this model was sold by the plaintiff at a

reduced price, and could have been bought at the time of the alleged conversion at a greatly reduced price."

The defendant's exception to the exclusion of this inquiry must be overruled. The question was incompetent. The reason why a manufacturer ceased to make a particular machine is not a material fact as to its value. It might arise from financial reverses, failure to make a profit, bad management, or one of numerous other causes, none of which bear upon the value of the machine. Moreover, the offer was far broader than the question, and in large part was not responsive to it, and therefore properly was excluded. Upon a proper inquiry it would have been material to prove that, prior to the time of conversion, such improvements had been made as to render the machine antiquated and of small value, and that its design was such that it could not operate smoothly, and that a new machine could then have been bought at a price much less than that for which this one had been sold. But one cannot propound a question incompetent in its substance and narrow in scope, and then, by offering to prove irresponsive though material matters, thereby save a good exception. Evidence offered must be responsive to a competent question, in order that its exclusion be error.

The same witness, having testified that in May or June, 1902, he bought and sold a considerable number of cash registers of this particular style or model, was asked, " Will you state the average price that such registers brought ? " Objection to this question was sustained against the defendant's exception. One ground for overruling this exception is that no offer was made of what the defendant expected to show in reply, and therefore it cannot be said that he has suffered any harm. But on broader grounds the ruling was right. While sales of other like articles in similar condition and under corresponding circumstances of time, place and market have probative force upon the value of any article, an average of a number of sales has no worth as evidence. An average can only be struck where there are differences. These differences may arise in the sales of articles of merchandise from a variety of reasons, any one of which might make the particular sale incompetent. In all cases where evidence of particular sales is offered, it must be determined by

the court as a preliminary matter largely within its discretion, whether the circumstances of similarity are such as to render the proffered evidence helpful.   There are no data upon which such determination may be based, where all that is before the court is an average of many sales.

*Exceptions overruled.*