ROBERT A. HAMMOND *vs.* NEW YORK, NEW HAVEN, AND HARTFORD RAILROAD COMPANY.

Barnstable. March 29, 1912. — May 21, 1912.

Present: RUGG, C. J., MORTON, BRALEY, SHELDON, & DECOURCY, JJ.

*Railroad,* Liability for fire. *Fire. Shade Trees. Damages. Evidence. Practice, Civil.*

At the trial of an action against a railroad corporation under St. 1906, c. 463, Part II, § 247, for damages resulting from the destruction by fire alleged to have been communicated by a locomotive engine of the defendant of a two story wooden tenement house owned by the plaintiff, there was evidence tending to show that on nights previous to the burning of the plaintiff's building sparks frequently had been seen issuing from an engine of the defendant at work shifting a freight train within one hundred and fifty to one hundred and eighty feet from the tenement, that the night before there had been another fire in the vicinity, that on the night of the fire in question the engine had been working at the same place as on previous nights after half past ten o'clock for about twenty minutes while the wind was blowing toward the plaintiff's building from the engine, and that the fire was discovered about midnight on the roof of the building on the side toward the railroad track and over an unoccupied apartment. There was no evidence suggesting any other source for the fire than the defendant's locomotive engine. *Held,* that a finding for the plaintiff was warranted.

Under St. 1906, c. 463, Part II, § 247, where a building has been destroyed by fire communicated by a locomotive engine of a railroad corporation, such corporation is liable to the owner of the building for the fair value of the building at the time of the fire, and not merely for its market value when that would not indemnify the owner for his loss.

At the trial of an action against a railroad corporation under St. 1906, c. 463, Part II, § 247, for damages resulting from the burning of a wooden building and certain shade trees of the plaintiff by fire communicated by a locomotive engine of the defendant, the plaintiff was asked by his counsel without objection by the defendant, "What was the value of the real estate damaged in your opinion by the destruction of the trees?" He answered, "Well, I should say, those trees were easily worth $200 each to the place." The defendant moved that the answer be stricken out and the trial judge denied the motion. *Held,* that

the motion properly was denied, the question having been asked without objection and the answer being responsive.

It is proper, at the trial of an action against a railroad corporation under St. 1906, c. 463, Part II, § 247, for damages resulting from the burning of a wooden building of the plaintiff by fire communicated by a locomotive engine of the defendant, to exclude questions as to the value of limited portions of the plaintiff's land before and after the fire.

TORT under St. 1906, c. 463, Part II, § 247, for damages resulting from the destruction on November 11, 1909, by fire alleged to have been communicated by a locomotive engine of the defendant, of a two story wooden tenement house and certain shade trees owned by the plaintiff on Factory Street in the town of Sandwich. Writ dated March 17, 1910.

In the Superior Court the case was heard by *Fox,* J., without a jury. It appeared that the shade trees were on the side of the street in the line of the sidewalk. The plaintiff owned land on both sides of the street.

The testimony relating to the value of the trees, referred to in the opinion, was as follows: The plaintiff was asked, " What was the value of the real estate damaged in your opinion by the destruction of the trees?" He answered, " Well, I should say, those trees were easily worth $200 each to the place." The defendant moved that the answer be stricken out. The judge denied the motion.

Other facts are stated in the opinion. The judge found for the plaintiff; and the defendant alleged exceptions.

*R. A. Hopkins,* for the defendant.

*W. A. Morse,* ( *F. W. Moore* with him,) for the plaintiff.

DECOURCY, J. This is an action under St. 1906, c. 463, Part II, § 247, to recover damages for the destruction of a building and shade trees by fire alleged to have been communicated by a locomotive engine of the defendant. The trial judge found for the plaintiff and exception was taken to the refusal to rule that on all the evidence the plaintiff could not recover, and also to the admission of certain evidence.

1. From the testimony the judge could properly find that soon after midnight the fire was discovered on the roof of the plaintiff's building, on the side toward the railroad track, and over an unoccupied apartment. After half past ten that night, for about twenty minutes, an engine had been shifting a freight train on the

track which was fifty or sixty paces from the house, and the wind was blowing from the direction of the train.  On other nights sparks in large quantities were frequently seen coming from the engine on this train, and another fire had occurred in the vicinity on the night before.  Nothing in the evidence suggests that the fire in question might have originated in any other way than from the locomotive.  In view of these circumstances and of the other evidence in the case, it cannot be said as matter of law that the judge was not warranted in concluding that the fire was communicated by a spark from the defendant's engine.  *Highland Foundry Co.* v. *New York, New Haven, & Hartford Railroad,* 199 Mass. 403.

2. The exceptions relating to evidence may be disposed of briefly.  The judge rightly allowed witnesses to testify as to the fair value of the building.  Under this statute the defendant is in effect an insurer, and the measure of damages is the fair or real value of the building at the time of the fire, whenever the market value would not indemnify the plaintiff for the loss which he has sustained.  *Wall* v. *Platt,* 169 Mass. 398.

The record discloses no error with reference to the evidence bearing on the value of the trees.  The answer of the plaintiff, that the trees were worth $200 each to the place, was responsive to a question that was asked without objection, and the judge properly refused to have the answer stricken out.  The questions to the witness Clark as to the value before and after the fire of limited portions of the plaintiff's land were rightly excluded in the discretion of the judge.  None of the other exceptions relating to evidence was argued and we treat them as waived.

*Exceptions overruled.*