## EVA J. DAY *vs.* BOSTON AND MAINE RAILROAD.

Middlesex.     December 6, 1916. — January 6, 1917.

Present: RUGG, C. J., LORING, CROSBY, PIERCE, & CARROLL, JJ.

*Railroad,* Fire communicated by locomotive engine. *Damages,* In tort. *Evidence, Res inter alios. Res Judicata. Insurance,* Fire. *Reference and Referee.*

While, in an action against a railroad corporation under St. 1906, c. 463, Part·II, § 247, for damage caused by a fire communicated by a locomotive engine of the defendant, an award of referees, chosen in accordance with the provisions of a fire insurance policy in the Massachusetts standard form insuring the owner of the property damaged, of the amount of loss sustained by reason of the fire is evidence for the jury to use in determining how much should be deducted from the damages to be paid by the defendant under the provisions of the statute by reason of the insurance, it is not evidence upon the question of the value of the property damaged, nor is it *res judicata* as to that value, because the railroad corporation was not a party to the contract of insurance nor to the proceeding before the referees.

TORT under St. 1906, c. 463, Part II, § 247, for damages resulting from fire alleged to have been communicated to property of the plaintiff by a locomotive engine of the defendant. Writ dated May 17, 1915.

In the Superior Court the case was tried before *Hitchcock,* J. The material evidence, the facts found by the jury and the exceptions saved by the defendant are described in the opinion. The jury found for the plaintiff in the sum of $1,092.50; and the defendant alleged exceptions.

*J. M. O'Donoghue,* for the defendant.

*R. P. Dellinger,* for the plaintiff.

CARROLL, J.   This is an action under St. 1906, c. 463, Part II, § 247, which makes a railroad corporation 'liable for damage to property by fire from its locomotive engines, and gives to the corporation the benefit of any insurance effected upon the property by the owner, less the cost of premium and expense of recovery. "The money received as insurance shall be deducted from the damages, if recovered before they are assessed; and if not so recovered, the policy of insurance shall be assigned to the corpora-

tion which is held liable in damages, and it may maintain an action thereon."

The buildings of the plaintiff were destroyed by fire from one of the defendant's locomotive engines. All of these buildings, with the exception of a tool house, were insured against fire in the sum of $1,900 under a policy in the Massachusetts standard form. The plaintiff and the insurer could not agree on the amount of the loss sustained, and under the terms of the policy the question was submitted to arbitrators, who found the amount of loss to be $1,830, which sum was paid to the plaintiff. At the trial the award of the arbitrators was in evidence, the trial judge limiting its use to showing the amount of insurance secured by the plaintiff, — the defendant offering the award as evidence of the value of the buildings destroyed. The defendant also asked the judge to rule that the value of the insured buildings destroyed, and the damage by fire, were determined by the award, and that these facts were *res judicata*. The offer and the request of the defendant were refused.

The jury found the damages to the plaintiff's property was $2,600; that the amount of insurance received by the plaintiff, less premiums paid and expenses, was $1,507.50. They returned a verdict for the plaintiff for $1,092.50.

The judge was right in denying the defendant's offer of proof and in refusing its requests for rulings.

The plaintiff's rights against the insurance company were under the contract of insurance. Her rights against the defendant were by force of the statute. In the proceedings before the arbitrators to recover the loss under the policy, the defendant was not a party and it was not bound by their decision. While the award is conclusive against the plaintiff and the insurer and their privies, it could not be used in the action against the railroad company by either the plaintiff or defendant, for the purpose of establishing the value of the premises destroyed. Its sole use was, under the statute, for the purpose of showing the amount of the insurance awarded the plaintiff. See *Edwards* v. *Stevens*, 1 Allen, 315; *Todd* v. *Old Colony & Fall River Railroad*, 3 Allen, 18; *Prentiss* v. *Wood*, 132 Mass. 486; *Multnomah County* v. *Willamette Towing Co.* 49 Ore. 204.

Under the St. 1906, c. 463, Part II, § 247, the railroad is in effect an insurer against fire from its locomotives and must fully

indemnify the owner for the value of the property destroyed. *Wall* v. *Platt*, 169 Mass. 398. *Hammond* v. *New York, New Haven, & Hartford Railroad*, 211 Mass. 549. And, although the damages are to be reduced by the insurance received, the damages sustained are not determined by the amount of insurance, nor the sum received by the insured. In fact, the statute expressly provides if insurance is received, it is to be deducted from the damages, thus giving the railroad company the benefit of any insurance, so far as it is adequate, to compensate for the loss. *Lyons* v. *Boston & Lowell Railroad*, 181 Mass. 551. The plaintiff, therefore, could not be prevented from recovering her actual damages, deducting therefrom the amount of insurance received, and the judge was right in refusing the defendant's requests. The railroad corporation was not a party to the award nor privy to the parties; and the amount of the plaintiff's damages and the value of the property destroyed were not *res judicata* by reason of the award of the arbitrators. *McCarthy* v. *William H. Wood Lumber Co.* 219 Mass. 566.

*Exceptions overruled.*