### WILLIAM J. McDONOUGH *vs.* PATRICK McGOVERN.

Suffolk. February 13, 1922. — April 14, 1922.

Present: RUGG, C.J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Evidence*, Competency. *Practice, Civil*, Exceptions, Conduct of trial.

In an action by a member of a labor union against an employer for alleged breach of a contract of employment for personal service, where the by-laws and constitution of the union were in evidence, the plaintiff testified on cross-examination, under exception, that the business agent of the union had authority or the duty to represent him in any matter respecting his employment with non-union men on any work. The plaintiff contended that the by-laws and constitution were the exclusive evidence of the business agent's authority. *Held*, that there was no error in the admission of the evidence.

In the action above described it was *held* that however the rights of the members of the union among themselves might be limited by the specific terms of the by-laws, the defendant was not precluded thereby from showing the fact that the plaintiff through the business agent of the labor union refused to work with

men who were not members of his union and that the employee understood
he was acting in accordance with his duty as a member of the union in per-
mitting the business agent to represent him in dealing with the defendant.

The admission in rebuttal of evidence to contradict the defendant on matters
that are collateral to the main issue or corroborative of the plaintiff's case in
chief rests in the sound discretion of the trial judge.

CONTRACT for breach of an alleged oral contract of employ-
ment. Writ dated February 3, 1920.

In the Superior Court the action was tried before *McLaughlin*, J.
Material evidence and exceptions saved by the plaintiff are de-
scribed in the opinion. The jury returned a verdict for the de-
fendant; and the plaintiff alleged exceptions.

*W. P. Murray*, (*M. Ruane* with him,) for the plaintiff.

*C. J. Smerdon*, for the defendant.

DE COURCY, J. The action is for breach of an alleged contract
of employment. In November, 1920, the defendant was engaged
in constructing a dry dock at Fore River under a "cost-plus"
contract. The plaintiff applied for a job as foreman rigger; and
was accompanied by one Chadwick, the business agent of the
United Bridge, Structural and Ornamental Iron Workers' Union
No. 7. His contention at the trial was that an oral contract was
then entered into by which he was to be employed, on specified
terms as to hours, wages and board, until the completion of that
work. On the other hand the evidence on behalf of the defend-
ant was to the effect that no such contract as that declared upon
was made. Another issue on liability was that of the violation
of the alleged contract. The plaintiff testified that he went from
time to time to the defendant's office, asking to be put at work.
The evidence on behalf of the defendant tended to show that
the local union, by its business agent Chadwick, notified the de-
fendant that McDonough would not work on the job unless,
among other things, the so called Martin Hanley gang of riggers
was discharged. The case was submitted to the jury after a clear
and complete charge, to which no exception was taken; and the
verdict was for the defendant. The only questions before us
relate to the admission and exclusion of evidence.

The plaintiff testified on cross-examination, under exception,
that the business agent of Local No. 7 had authority (or, as he
later said, the duty) to represent him in any matter respecting
his employment with non-union men on any work. There was

no error in the admission of this evidence. The authority or duty of the business agent to act for the benefit of members of his union was not necessarily and exclusively confined to the rules set forth in the constitution and by-laws, as claimed by the plaintiff. Other duties might devolve on that officer by force of custom, oral understanding, or otherwise. In fact Chadwick went with the plaintiff when he sought employment from the defendant; and it appeared that this business agent was frequently on this and the earlier South Boston job, seeking to have members of the union placed at work instead of others. The defendant testified that the reason why McDonough did not work was because "he refused to go to work with the men that were working on the job at the time." And according to the foreman, Myrick, McDonough told him if he (Myrick) could not find him "to take the matter up with Chadwick." However the rights of the members among themselves may be limited by the specific terms of the by-laws, the defendant was not precluded thereby from showing the fact that the plaintiff refused to work on this job with men who were not members of his union; and that McDonough understood he was acting in accordance with his duty as a member of the union in permitting Chadwick to represent him in dealing with the defendant.

The foregoing disposes of all the plaintiff's exceptions that have been argued except those to the exclusion of certain questions to Martin J. Hanley, who was called by the plaintiff in rebuttal. One was as to whether Hanley knew there was any objection, by the plaintiff or other members of Local No. 7, to his men being employed on the job. Obviously this was immaterial. If such objection were made, it would naturally be made to the defendant or his foreman. The questions whether Hanley ever talked with the defendant about "the difficulties arising out of your employment on this job," and "What work did your men do?" and the offer of proof which was far beyond the scope of this last question (*Hallwood Cash Register Co.* v. *Prouty*, 196 Mass. 313), all were offered to contradict the defendant on matters that were collateral to the main issues, or corroborative of the plaintiff's case in chief. Their admission in rebuttal rested in the sound discretion of the trial judge, and no abuse of that discretion is shown. *Wright* v. *Chelsea*, 207 Mass. 460, 466. *Howes* v. *Colburn,*

165 Mass. 385, 388. *Lansky* v. *West End Street Railway*, 173 Mass. 20.

*Exceptions overruled.*