THOMAS J. McLOUGHLIN, executor, *vs.* PATRICK SHEEHAN & others.

Worcester.     September 23, 1924. — October 17, 1924.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & WAIT, JJ.

*Will*, Validity. *Undue Influence. Evidence*, Relevancy and materiality, Presumptions and burden of proof, Of mental condition. *Conservator. Practice, Civil*, Requests, rulings and instructions, Charge to jury.

At the trial in the Superior Court of issues, framed in the Probate Court, relating to the soundness of mind of an alleged testatrix and whether her alleged will was procured to be executed by fraud or undue influence, the respondent saved an exception to the exclusion of testimony of a witness to the effect that the witness thought the testatrix was a woman over eighty years of age. The record before this court did not show that the witness's opinion was founded on personal observation, and the age of the testatrix was stated therein as a fact to have been about seventy years at the time of her death. *Held*, that the exception must be overruled.

The date of the alleged will to which the issues above described related was May 5, 1917. The persons alleged by the respondents to have exerted undue influence were named McLoughlin. The trial judge refused to permit a witness to narrate a conversation by her with the testatrix in February, 1917. The respondent then offered " to show that, sometime between the years 1917 and 1921," the testatrix " appeared at the window of her third story flat " and said, " Thank God, the McLoughlins have gone. I will see you." The testimony offered was excluded and the respondent excepted. *Held*, that the evidence properly was excluded in an exercise of the discretion of the trial judge, the offer not correlating with the question asked of the witness, but relating to a time subsequent to the execution of the will, a time remote from any issue on trial.

At the trial of the issues above described, adjudications of the Probate Court establishing facts necessary for the appointment of a conservator of the property of the alleged testatrix several months before the date of her alleged will were entitled to such weight as the jury saw fit to give them in determining the questions of her susceptibility to improper influence and of her soundness of mind; but those adjudications were not decisive or conclusive, and were to be considered in connection with all the other pertinent evidence.

At the trial above described, the judge denied a request for an instruction to the jury that " If, upon all the evidence, including the usual presumption of sanity and the effect of the judicial determination of the facts necessary to be proved in order to authorize the Probate Court to appoint a conservator, the jury find that the scales of proof and

judgment are in even balance, then the finding of the jury must be for the contestants, since the executor has failed to sustain the burden of proof." He charged the jury to the effect that there is a presumption that each one is of sound mind and that that presumption stands " until there is other evidence which may control the presumption." *Held*, that the action of the judge was proper.

It is proper at the trial of an issue, whether an alleged testatrix was of sound mind at the time of the execution of her will, to refuse to instruct the jury in the words: " The burden of proof is upon the executor to satisfy the jury by a preponderance of the evidence that the testatrix was not only of ' sound ' mind and memory, but also of ' disposing ' mind and memory " on the date of her will, and instead to instruct them that the burden was upon the executor to satisfy the jury by a fair preponderance of the evidence that the testatrix was of sound mind.

An instruction to the jury at the trial of the issues above described, that when the alleged testatrix made the alleged will " she must have been able to understand, not only the effect of what she was doing, but also the nature, amount and situation of her property, her relations to those persons who were about her," was sufficiently favorable to the respondents without the addition of words, requested by the respondents, " her relations to the natural objects of her bounty and to recollect who they were."

PETITION, filed in the Probate Court for the county of Worcester on June 17, 1921, for the proof of an alleged will of Ellen Moore, late of Worcester, bearing the date May 5, 1917.

The following issues were framed in the Probate Court for trial in the Superior Court, and were tried before *Weed*, J.:

" 1. Was the said Ellen Moore of sound mind at the time of the execution of the alleged will?

" 2. Was the execution of the said alleged will of said Ellen Moore procured by the fraud or undue influence of Thomas J. McLoughlin or Rose McLoughlin or either of them, exercised upon the said Ellen Moore? "

Material evidence at the trial and exceptions to rulings relating to evidence are described in the opinion. At the close of the evidence, the respondents asked for the following rulings:

" 4. The fact that the Probate Court for the county of Worcester, Commonwealth of Massachusetts, has three times, once, February 5, 1917, a second time on May 7, 1917, and a third time on December 6, 1917, judicially determined that the testatrix, Ellen Moore, was incapable of

properly caring for her property, is evidence that at the date of the making of this instrument said Ellen Moore was not of sufficient mental capacity to resist the pressure upon her of strong influence.

" 5. If, upon all the evidence, including the usual presumption of sanity, and the effect of the judicial determination of the facts necessary to be proved in order to authorize the Probate Court to appoint a conservator, the jury find that the scales of proof and judgment are in even balance, then the finding of the jury must be for the contestants, since the executor has failed to sustain the burden of proof.

" 6. The burden of proof is upon the executor to satisfy the jury by a preponderance of the evidence that the testatrix was not only of ' sound ' mind and memory, but also of ' disposing ' mind and memory on May 5, 1917.

" 7. When Ellen Moore made the instrument under discussion on May 5, 1917, she must have been able to understand, not only the effect of what she was doing, but also the nature, amount and situation of her property, her relations to those persons who were about her, her relations to the natural objects of her bounty and to recollect who they were."

The trial judge refused to grant requests numbered 4 and 5; refused to include in that numbered 6 the words " and memory, but also of ' disposing ' memory on May 5, 1917 "; and granted the seventh request excepting the last phrase, " her relations to the natural objects of her bounty and to recollect who they were."

Material portions of the charge are described in the opinion. The jury answered the first issue in the affirmative and the second issue in the negative. The respondents alleged exceptions.

*F. P. McKeon,* for the respondents.

*F. B. Hall,* (*J. W. Burke & J. H. Mathews* with him,) for the petitioner.

RUGG, C.J. This case comes before us on exceptions taken in the Superior Court at the trial of two issues to a jury framed on a petition for the allowance of the will of the late Ellen Moore. The issues related (1) to the soundness of

mind of the alleged testatrix and (2) to the procurement of the will through the fraud or undue influence of named persons.

There was no error in the exclusion of testimony to the effect that the witness thought the testatrix was a woman over eighty years of age. It does not appear that this opinion was founded on personal observation. In the bill of exceptions the age of the testatrix is stated as a fact to have been about seventy years at the time of her death. That having appeared, further evidence on so subsidiary a point was irrelevant. In appropriate instances a witness may testify as to the age of another as a deduction from sufficiently specific facts within his own knowledge. *Commonwealth* v. *O'Brien,* 134 Mass. 198. Much must be left to the discretion of the trial judge on such a matter.

A witness, asked to narrate a conversation had by her with the testatrix, was unable to fix its date, but it was shown in some other way to have been in February, 1917. On refusal by the trial judge to admit the conversation, the offer was made " to show that some time between the years 1917 and 1921," the testatrix " appeared at the window of her third story flat " and said, " Thank God, the McLoughlins have gone. I will see you." It is assumed in favor of the contestant that reference was thus made to the persons charged with exercising undue influence. It is stated in the exceptions as a fact that the McLoughlins, from July, 1917, until her death, either lived in the same tenement or in the same house with the testatrix. There was no error in the exclusion of the question. Construed strictly, the offer of proof was not directed to the time at which the witness had the knowledge. It did not correlate with the question. *Hallwood Cash Register Co.* v. *Prouty,* 196 Mass. 313. Construed according to its terms, the offer related to a time subsequent to the execution of the will. Giving to the excepting party the broadest construction of the exception, there was no error. The matter was at best remote from any issue on trial and might well have been excluded in the exercise of sound judicial discretion. The case is distinguishable from *Whitney* v. *Wheeler,* 116 Mass. 490.

It appeared in evidence that a conservator of the alleged testatrix was appointed several months before the date of the instrument offered for probate as her last will, and that her property continued to be under a conservator until her death. There were, within the calendar year during which the alleged will was executed, two or three successive adjudications by the Probate Court that the essential facts existed requisite for the appointment of a conservator under the statute (now. G. L. c. 201, § 16), namely, incapacity to care for her property " by reason of advanced age or mental weakness." It is stated in the exceptions that the conservator was " appointed by reason of her advanced age." The contestants requested a ruling to the effect that these adjudications were evidence that at the date of the making of the alleged will the deceased " was not of sufficient mental capacity to resist the pressure upon her of strong influence." This request was not given in the form presented. Instructions were given to the effect that these adjudications had a " bearing on the question of her mental capacity to dispose of her property by will " and that, although a person, weakened both in body and mind, might have testamentary capacity, yet it was true that possibly, by reason of being feeble physically and mentally, such person might not have the same power to resist external influences intended to overcome and control the will. It cannot be said that there was error in the instructions given or in the denial of the request. Different people may be affected differently by physical and mental weakness in respect to tendency to yield to influences put forth by others. Natural obstinacy may be accentuated or inherent ductility become greater because of waning strength of body or mind. The adjudications of the Probate Court establishing facts necessary for the appointment of a conservator of the property of the testatrix were entitled to such weight as the jury saw fit to give them in determining the questions of her susceptibility to improper influence and of her soundness of mind. Those adjudications were not decisive but were to be considered in connection with all the other pertinent evidence. That was the substance of the charge. *Clifford* v. *Taylor,* 204 Mass. 358. *Breed* v. *Pratt,* 18 Pick. 115.

There was no error in the denial of the fifth request. It was in these words: " If, upon all the evidence, including the usual presumption of sanity, and the effect of the judicial determination of the facts necessary to be proved in order to authorize the Probate Court to appoint a conservator, the jury find that the scales of proof and judgment are in even balance, then the finding of the jury must be for the contestants, since the executor has failed to sustain the burden of proof." Instruction was given to the effect that there is a presumption that each one is of sound mind and that that presumption stands " until there is other evidence which may control the presumption." This was sufficiently favorable to the contestants. *Richardson* v. *Bly,* 181 Mass. 97. *Duggan* v. *Bay State Street Railway,* 230 Mass. 370, 378. *Commonwealth* v. *DeFrancesco,* 248 Mass. 9. See *Clifford* v. *Taylor,* 204 Mass. 358, 361.

There is no requirement on the part of the trial judge to use the illustration of the even balance of scales and the inclination of that balance to the one side or the other according to the effect of credible evidence in charging a jury as to the burden of proof and the weight of evidence. It may be convenient or graphic; it is not essential. The charge by the trial judge was correct and adequate as to the burden of proof resting upon the respective parties touching the two issues on trial.

The jury were instructed that the burden of proof was upon the executor to show that the testatrix was at the time the will was executed of " sound mind." That is the statutory description of testamentary capacity. G. L. c. 191, § 1. While not infrequently, in discussing testamentary capacity, the words " sound and disposing mind and memory " have been used, it is sufficient, if correct rulings be given as to what constitutes soundness of mind without adding as a substantive part of testamentary capacity a definition of memory. *Fuller* v. *Sylvia,* 240 Mass. 49, 54.

The jury were told in substance that soundness of mind in respect to making a will was sufficient mental capacity to understand the nature of the business in hand, to comprehend in a general way the extent and value of the property

to be disposed of, and to realize those persons with whom she had daily relations and those persons who might have some claim on her bounty.  This principle was repeated in effect in different forms of words.  This is in conformity to numerous decisions.  *Whitney* v. *Twombly*, 136 Mass. 145, 147.  *Dunham* v. *Holmes*, 225 Mass. 68, 71. .

The charge is not fairly open to the construction that the jury were not told to take into account the testatrix's capacity to grasp her relations to all who might naturally be regarded by a person in her situation as natural objects of her remembrance, even though the exact phrase of the request was not adopted.  It is not essential to testamentary capacity that the one executing a will must under all circumstances remember all the next of kin or presumptive heirs at law, no matter how far separated in time and space from actual personal association.

The charge upon undue influence was adequate and correct.  It was in conformity to established principles. *Neill* v. *Brackett*, 234 Mass. 367, 369, 370, and cases there collected.  *Craig* v. *Lamoureux*, [1920] A. C. 349, 356, 357.

*Exceptions overruled.*