JOHN P. ENGLERT *vs.* NEW YORK, NEW HAVEN AND HARTFORD RAILROAD COMPANY.

FENWAY SHOE MFG. CO. *vs.* SAME.

Suffolk.   May 18, 1927. — July 1, 1927.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Railroad,* Liability for fire.   *Evidence,* Presumptions and burden of proof.

At the trial of an action against a railroad company under G. L. c. 160, § 234, for damages resulting from a fire alleged to have been communicated from a locomotive engine of the defendant to a building in process of remodeling and repair with windows opening on the side toward the railroad, there was an absence of evidence of any fire in the building before the fire in question was discovered; and there was evidence that the building was near the railroad, that shavings and other inflammable materials were on the floors, that the time between the passing of an engine of the defendant and the discovering of the fire was about twenty minutes, that sparks were seen coming from the locomotive in question which rose a considerable distance above the smokestack, and that sparks had been emitted by engines near this place at other times and that other fires had been caused thereby in that vicinity.   *Held,* that a verdict for the plaintiff was warranted.

TWO ACTIONS OF TORT, the first by the owner of a building located along the line of the defendant between its Bellevue Station on the west and the Roslindale Station on the east, and the second by the owner of the contents of the building, to recover under G. L. c. 162, § 234, damages alleged to have resulted from a fire caused by sparks communicated from

a locomotive engine operated by the defendant. Writs dated June 9, 1924.

In the Superior Court, the actions were tried together before *Hammond, J.* Material evidence, a special finding by the jury, and the course of the trial are stated in the opinion. The judge reported the action for determination of questions of law by this court before further proceedings in the Superior Court.

The case was submitted on briefs.

*M. Hays & G. H. Brown,* for the plaintiffs.

*M. G. Gonterman & H. Lawlor,* for the defendant.

CROSBY, J. These are actions under G. L. c. 160, § 234, to recover damages for the destruction of a building and personal property therein by fire alleged to have been communicated by a locomotive engine of the defendant. The plaintiff in the first action was the owner of the building, the contents of which were owned by the plaintiff in the second action. The cases were tried solely upon the question of liability. The following special question was submitted to the jury in each action: "Was the fire which damaged the plaintiff's property caused by sparks from the locomotive engine of the defendant which was due at Bellevue Station, eastbound, at 10:18 P.M., and at Roslindale Station at 10:21 P.M., daylight saving time, on June 2, 1924?" The jury answered "Yes."

The only question before us is whether the evidence was sufficient to warrant a finding that the fire was caused by sparks from a locomotive numbered 1401 belonging to the defendant.

The building was situated on the northerly side of Belgrade Avenue, which runs parallel with the railroad in that part of Boston known as Roslindale. The rear of the building adjoined the southerly location of the railroad, the distance to the southerly rail being 39.25 feet. The building was 71.8 feet wide in the rear and 36½ feet in depth. It was located between the Bellevue Station of the defendant on the west and its Roslindale Station on the east. For several weeks before the fire the building was being remodeled and repaired for use as a shoe factory. There was

evidence tending to show that in the wall next to the railroad fifteen or eighteen windows were to be placed; that in several of them, except on the first floor, the glass had not been put in.

It was conceded by the defendant at the trial that the locomotive, which it is alleged caused the fire, left Bellevue Station at 10:18 P.M. daylight saving time, and arrived at the Roslindale Station at 10:21 P.M. The fire was discovered about 10:40 P.M.

The plaintiff Englert testified that the employees left the building on the day in question at about 4:30 P.M.; that he returned around seven o'clock to do some work and was joined by one Eckhardt, an employee; that there was no one in the building when they left at about eight o'clock, and he then locked it. He further testified that there was a boiler in the basement but no fire in it; that there were no stoves in the building or open fireplaces, and no fire was built there on that day or night; that there was a rule prohibiting smoking on the premises.

There was evidence that on the day of the fire pieces of wood, chips and shavings, which were all over the third floor at the back of the building where the carpenters had been at work, had been swept into an opening in the rear of the building and fell upon the second and first floors.

Several witnesses testified that, while passing the building, engine No. 1401 was emitting sparks which rose a considerable distance above the smokestack, and that soon afterwards the fire was discovered; that sparks had been emitted by engines near this place at other times and that other fires had been thereby caused in that vicinity. This evidence was admissible. "It tended to show the possibility, and, in the absence of any other apparent cause, the consequent probability, that some engine caused the fire." *McGinn* v. *Platt*, 177 Mass. 125, 127.

There was evidence offered by the plaintiff that at the time the engine passed the building the prevailing wind was from the southwest, which would be away from the building and toward the railroad; that it was a very light wind, not more than five miles an hour.

There was evidence offered by the defendant that the engine was on a slightly descending grade, not "working steam," but coasting along, and that there was nothing which would cause sparks to be emitted while passing the building. The jury were not required to believe this testimony. From the testimony of witnesses who were in the vicinity it could have been found that sparks were being thrown from the engine and that they entered an opening in the rear of the building. While the evidence as to the place where the fire started was conflicting, it could have been found that it was first seen in the part nearest the track. It seems to be conceded that it started on the inside of the building and there was no evidence to the contrary. The jury might have found the direction of the wind at the time the engine passed this place was southwest, but was so slight as to be hardly noticeable, and consequently of little significance. We cannot say that it could not reasonably have been found that a spark from the engine was thrown with sufficient force to enter one of the openings where windows were intended to be placed.

In the absence of evidence of any fire in the building before the fire in question was discovered, the proximity of the building to the tracks, the open windows, the shavings and other inflammable substances on the floors, the brief time that elapsed between the times when the engine passed and the fire was discovered, in connection with the other evidence, warranted the jury in concluding that the origin of the fire was a spark from the locomotive of the defendant. *Wild* v. *Boston & Maine Railroad,* 171 Mass. 245. *McGinn* v. *Platt, supra. Bowen* v. *Boston & Albany Railroad,* 179 Mass. 524. *Highland Foundry Co.* v. *New York, New Haven & Hartford Railroad,* 199 Mass. 403. *Hammond* v. *New York, New Haven & Hartford Railroad,* 211 Mass. 549.

It follows that the defendant's motion in each action, that a verdict be directed in its favor, was rightly denied. In accordance with the terms of the report, the finding of the jury is to stand, and the cases are remanded to the Superior Court for further proceedings.

*So ordered.*