HERBERT M. YOUNG *vs.* NEW YORK, NEW HAVEN AND HARTFORD RAILROAD COMPANY.

FRANK FARNUM *vs.* SAME.

FREDERICK J. ALDRICH *vs.* SAME.

LARS JOHNSON *vs.* SAME.

FERNANDO C. RICHARDSON & another *vs.* SAME.

Worcester.   September 24, 1930. — January 5, 1931.

Present: RUGG, C.J., CROSBY, PIERCE, SANDERSON, & FIELD, JJ.

*Railroad*, Liability for fire.  *Fire.  Evidence*, Presumptions and burden of proof; Opinion: expert.  *Damages*, In tort, Interest.  *Interest.  Practice, Civil*, Conduct of trial: order of evidence.

While the plaintiff in an action against a railroad corporation under G. L. c. 160, § 234, is required to prove by a preponderance of the evidence that the fire was communicated by a locomotive engine of the defendant, he is not required to exclude all other possibilities as to the cause of the fire; and, at the hearing of such an action in a district court, it was proper for the judge to refuse to rule that if there was "any reasonable doubt upon all the evidence the finding must be for the defendant."

The judge who heard an action of the character above described took a view and in subsidiary findings stated in substance that the point where the plaintiff contended the fire was set was at the top of a steep grade of the railroad; that just below there was a "reverse curve"; that shortly before the fire was discovered trains of the defendant had passed the point "both up and down"; that woods at the place were very dry and there was "considerable wind" blowing from the defendant's tracks toward the place where the fire was discovered. A section foreman, called by the defendant, testified "that he had seen trains set fires going in both directions." There was a finding for the plaintiff. *Held,* that

(1) It not appearing that the conclusion of the trial judge was based solely upon his subsidiary findings nor that he disbelieved the testimony of the section foreman of the defendant, the omission of subsidiary findings as to sparks, which were considered determinative of liability in other actions under the statute, was not necessarily fatal to recovery by the plaintiff;

(2) The finding for the plaintiff disclosed no error.

*Whether,* in the absence of evidence of the character of that of the defendant's section foreman, a finding for the plaintiff would have been justified, was not determined.

While, in the action above described, the plaintiff was not entitled to interest, as such, from the date of the writ upon damages found by the judge, it was proper for the judge to find as a fact that full indemnity required, as an element of the damages, compensation for the delay to which the plaintiff was subjected, and to take interest on the original damages as the measure of such compensation; and therefore the including of interest from the date of the writ in the plaintiff's damages did not as a matter of law disclose error.

A contention by the defendant in the action above described, that, by reason of a new growth of timber after the fire and during the period for which interest was to be computed, the allowance of such interest gave the plaintiff "double recovery," was without merit.

No error was disclosed in discretionary action by the judge, at the hearing of the action above described, in admitting in rebuttal evidence which should have been offered in chief.

There was no error in a refusal by the judge hearing the action above described, which related to a fire in Uxbridge, to permit a witness, who had ample qualifications as an expert on the subject of forestry generally, and had examined the area in question, and who testified that, besides having other experience, which he narrated, he "had examined damage to woodland areas for the last fifteen or eighteen years," and "had bought and sold woodland similar to the area in question in Massachusetts, Rhode Island and Connecticut, the nearest being seventy miles from Uxbridge," to state his opinion as to the "damage done by the fire, as per acre."

FIVE ACTIONS OF TORT under G. L. c. 160, § 234. Writs in the Second District Court of Southern Worcester dated October 13, 1927.

Material evidence and facts found at the trial of the actions together in the District Court are stated in the opinion. There were findings for the plaintiffs respectively in the sums of $350, $1,000, $300, $170, and $510, and the actions were reported to the Appellate Division. The report was dismissed. The defendant appealed.

*H. Lawlor,* for the defendant.

*F. P. Brady,* for the plaintiffs.

FIELD, J.   These are five actions of tort, brought in the District Court under G. L. c. 160, § 234, to recover damages for the destruction of " growing trees and sprouts " and other property of the plaintiffs, in Uxbridge, alleged to have been caused by fire communicated by the locomotive engines of the defendant corporation. There were findings for the plaintiffs, a report to the Appellate Division, which was dismissed, and an appeal to this court by the defendant from such dismissal.

The report was dismissed rightly, since it disclosed no error of the trial court.

G. L. c. 160, § 234, provides that a railroad corporation " shall be liable in damages to a person whose buildings or other property may be injured by fire communicated by its locomotive engines." This liability is imposed even in the absence of negligence or other fault of a railroad corporation, which is made, in effect, an insurer against fire caused by its engines. *Wall* v. *Platt,* 169 Mass. 398. *Day* v. *Boston & Maine Railroad,* 225 Mass. 538.

It is undisputed that the property in question, located on land in Uxbridge east of the defendant's track, was " injured by fire," but the defendant contends that the evidence did not warrant a finding that the fire was " communicated by its locomotive engines." The findings of the trial judge on this point were as follows: " A view of the locality as well as the evidence shows that the point where the fire is alleged to have been set is at the top of a steep grade and the view shows that just below where the fire is alleged to have been set there is a reverse curve. It is shown that shortly before the fire was discovered trains passed this point both up and down. It is not

controverted that the woods were very dry and that there was considerable wind from N. of W. and that the fire was set by some cause on the easterly side of the track. The evidence is contradictory as to where the fire was when it was found by different parties and as to whether the woods were burned over between where they found it and the railroad but one Boroday who was the first one on the ground states that when he got to the fire it was burning on the side of the railroad location. His evidence, the fact that the fire was seen soon after trains passed the point where the fire was seen, the grade and curves, confirm to me, the evidence of this witness and as no other agency has been shown to have set any fire, I find that said fire was communicated by a locomotive engine of the defendant corporation."

The plaintiffs were required to prove by a preponderance of evidence — not beyond a reasonable doubt — that the fire was set by the defendant's engines, that is, to establish that this was the reasonably probable explanation of the cause of the fire (see *Highland Foundry Co.* v. *New York, New Haven & Hartford Railroad,* 199 Mass. 403, 405–406), but they were not "required to exclude all other possibilities as to the cause" thereof. *Navien* v. *Cohen,* 268 Mass. 427, 431, and cases cited. The judge rightly refused to rule that if there was "any reasonable doubt upon all the evidence the finding must be for the defendant."

The subsidiary findings were warranted by the evidence. It was for the trial judge to determine whether he would accept as true the testimony of the witness Boroday in preference to other testimony. He was not bound to believe the evidence that persons were seen in the woods near the place of the fire, and that brush had been cut nearby. If true, it did not show that any "agency," other than the defendant's engines, set the fire. It suggested the possibility of an independent cause, but, without more, was not evidence thereof, and the judge was right in refusing to make the ruling which the defendant requested based on the assumption that there was such evidence.

The trial judge was warranted in concluding that the plaintiffs had sustained the burden resting on them of proving that the fire was " communicated by . . . [the] locomotive engines " of the defendant corporation, and a ruling to the contrary, requested by the defendant, was refused properly.   According to the subsidiary findings the fire was seen near the track " at the top of a steep grade," shortly after engines had passed in each direction, on a dry day when " considerable wind " was blowing from the track toward the place where the fire appeared.   These facts go beyond those in *General Ins. Co. of America* v. *Northern Pacific Railway,* 280 U. S. 72, 74–76, relied on by the defendant, and bring these cases within the cases in this Commonwealth holding that the evidence therein warranted findings that the fire was set by engines, except that there is no finding that sparks were seen to have been thrown from any engine at about the time the fire started (see *Wild* v. *Boston & Maine Railroad,* 171 Mass. 245, 247; *Bowen* v. *Boston & Albany Railroad,* 179 Mass. 524, 526; *Englert* v. *New York, New Haven & Hartford Railroad,* 260 Mass. 535, 537), nor that, at other times, sparks " frequently " or " occasionally " had been thrown from the railroad's engines and other fires had been caused thereby.   See *McGinn* v. *Platt,* 177 Mass. 125, 127; *Highland Foundry Co.* v. *New York, New Haven & Hartford Railroad, supra; Hammond* v. *New York, New Haven & Hartford Railroad,* 211 Mass. 549, 551; *Englert* v. *New York, New Haven & Hartford Railroad, supra.*  This omission from the subsidiary findings, however, was not necessarily fatal to recovery by the plaintiffs for it does not appear that the conclusion of the trial judge was based solely upon his subsidiary findings nor that he disbelieved the testimony of a section foreman, called by the defendant, " that he had seen trains set fires going in both directions." Whether, in the absence of such evidence, findings for the plaintiffs would have been justified need not be determined.

It was not error for the trial judge to include interest from the date of the writs in the plaintiffs' damages.   The

plaintiffs were not entitled to interest, as such, but were entitled to indemnity for the injuries suffered by them (*Wall* v. *Platt, supra*), and the judge could have found as a fact that full indemnity required, as an element of the damages, compensation for the delay to which the plaintiffs were subjected, and could take interest on the original damages as the measure of such compensation. *Frazer* v. *Bigelow Carpet Co.* 141 Mass. 126. *Ainsworth* v. *Lakin,* 180 Mass. 397. *Atwood* v. *Boston Forwarding & Transfer Co.* 185 Mass. 557, 559. *Peabody* v. *New York, New Haven & Hartford Railroad,* 187 Mass. 489, 493. *Miller* v. *Robertson,* 266 U. S. 243, 258. It was pointed out in *Cochran* v. *Boston,* 211 Mass. 171, 172, a case which is distinguishable from the present cases, that the principle underlying the cases above cited " is applicable . . . where there has been a definite injury to specific property," as was found to be true here. There is nothing in the defendant's contention that, by reason of the new growth of timber after the fire and during the period for which interest was to be computed, the allowance of such interest gives the plaintiffs " double recovery." The defendant, obviously, is not harmed by the failure of the judge to include in damages interest from the date of the fire to the date of the writs and does not object to the omission. We do not suggest, however, that the judge could not have found that interest computed from the date of the writs was adequate compensation for the delay. See *International Trust Co.* v. *Myers,* 241 Mass. 509, 516.

The defendant now contends that one Boroday, a witness for the plaintiffs, gave testimony in rebuttal which should have been introduced as a part of the plaintiffs' case in chief. It does not appear that at the trial the defendant made any objection to the admission of this evidence out of due course but, even over objection, such admission was discretionary. *Wright* v. *Foster,* 109 Mass. 57. *McDonough* v. *McGovern,* 241 Mass. 236, 238.

A witness for the defendant, who, according to the evidence, had ample qualifications as an expert on the subject of forestry generally, and had examined the area in ques-

tion, gave his opinion as to the cause of the fire.   Over the defendant's objection, however, the opinion of this witness as to the " damage done by the fire, as per acre," was excluded by the trial judge " on the ground that the witness was not shown to have a knowledge of the values of the property damaged or of other like property in this locality."   The witness had testified that, besides having other experience, which he narrated, he " had examined damage to woodland areas for the last fifteen or eighteen years," and " had bought and sold woodland similar to the area in question in Massachusetts, Rhode Island and Connecticut, the nearest being seventy miles from Uxbridge."   The exclusion of the evidence was not error but was within the discretion of the trial judge.   *Conness* v. *Commonwealth,* 184 Mass. 541.   *Lakeside Manuf. Co.* v. *Worcester,* 186 Mass. 552, 560.   *Klous* v. *Commonwealth,* 188 Mass. 149, 152.

There is nothing in the report to indicate that if the defendant's motion for a new trial was before the trial judge properly, there was any abuse of discretion in denying it.   *Ryan* v. *Hickey,* 240 Mass. 46, 48, and cases cited.

<em>Order dismissing report affirmed.</em>