CORAL GABLES, INC. *vs.* BERNARD BEERMAN & others.

Suffolk.    October 5, 1936. — December 29, 1936.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & LUMMUS, JJ.

*Evidence,* Offer of proof.  *Practice, Civil,* Offer of proof.  *Fraud.  Bills and Notes,* Consideration, Validity.  *Equity Pleading and Practice,* Waiver of defence.

An offer of proof, following the exclusion of a question to a witness subject to an exception by the interrogator, ordinarily has effect in the argument of the exception before this court only so far as the facts stated therein seem to be within the knowledge of the witness and fairly responsive to the question; other facts ordinarily are not of effect though they might have been material to the case upon a proper question.

The mere facts that, in a bill of exceptions, after the statement of the exclusion of a question subject to exception by the interrogator, it is further stated that he made an offer of proof of numerous facts most of which were not responsive to the question excluded, and that following such offer, the judge "excluded all this testimony" and the interrogator "duly saved exception to the refusal . . . to admit this line of evidence," did not entitle the interrogator to rely in this court on every fragment of such offer as though it had been presented upon an appropriate question, and his exceptions were overruled.

It was proper to order a verdict for the plaintiff at the trial of an action against the maker of a promissory note, given by him as part of the purchase price of land, when the only defence relied on was an allegation that the note was procured by false and fraudulent representations by the payee and there was no evidence of rescission of the transaction by the maker or of the value of the land or of damage sustained by the maker.

In a suit in equity under both cl. 7 and cl. 8 of § 3 of G. L. (Ter. Ed.) c. 214, where both the principal defendants went to trial on the merits without raising the question of want of equity, and it was proved that one of them owned shares of stock in a corporate defendant, it was proper to enter a final decree establishing the indebtedness of both and ordering sale of the shares.

BILL IN EQUITY, begun by a writ in the Superior Court dated January 12, 1934.

Exceptions were saved by the defendants Ida and Louis H. Bixby, hereinafter called the defendants, at the trial of

jury issues before *Swift*, J., and they appealed from a final decree entered by order of *Walsh*, J., following findings and an order for decree by *Sisk*, J.

The final decree established the indebtedness of the defendants and ordered sale of two shares of Louis H. Bixby in the defendant Bixby Club Plan, Inc., in the event of his failure to pay the indebtedness within a specified time.

*R. B. Owen*, (*S. G. Fish* with him,) for the defendants Ida Bixby and Louis H. Bixby.

*E. J. Flavin*, (*D. J. Cohen* with him,) for the plaintiff.

LUMMUS, J.   This case, begun as a bill in equity, inserted in a writ, to reach and apply property under G. L. (Ter. Ed.) c. 214, § 3 (7) (8), comes here on exceptions taken at the trial by jury of issues relating to the liability of the defendants Ida Bixby and Louis H. Bixby to the plaintiff upon two notes for $5,062.50 each, given by these defendants on December 14, 1925, payable to the order of the Coral Gables Corporation, and representing the greater part of the purchase price of land at Coral Gables in Florida.   The notes were indorsed after maturity by that corporation to the plaintiff, and consequently are subject in the hands of the plaintiff to any defences existing against the payee.   G. L. (Ter. Ed.) c. 107, § 75, cl. 2; § 81.   The defence is that the notes were procured by the false and fraudulent representations of the payee.

The judge, subject to the exception of the defendants, directed the jury to answer the issues by finding that the defendants owed the plaintiff $19,761.42 upon the notes. The defendants took numerous exceptions to the exclusion of evidence.   After the disposition of the jury issues, a final decree was entered in favor of the plaintiff, and these defendants appealed.

The trial of the jury issues was loosely conducted, so far as the saving of exceptions was concerned.   After the exclusion of comparatively narrow questions to witnesses, counsel for the defendants made offers of proof going far beyond the scope of the questions.   Ordinarily such an offer of proof has effect only so far as the facts stated

therein seem to be within the knowledge of the witness and fairly responsive to the question. A judge cannot be required, while ruling upon a single question, to pass upon the admissibility of every fact, material to the case though not to the question asked, which counsel may choose to insert in his offer of proof. *Hallwood Cash Register Co.* v. *Prouty*, 196 Mass. 313, 315. *Taylor* v. *Whittier*, 240 Mass. 514, 516. *McDonough* v. *McGovern*, 241 Mass. 236, 238. *McLoughlin* v. *Sheehan*, 250 Mass. 132, 135. *Commonwealth* v. *Sansone*, 252 Mass. 71, 74. *Reilly* v. *Selectmen of Blackstone*, 266 Mass. 503, 513. No rescission by the defendants of the purchase of the land appeared. There is nothing in the record to show the value of the land or the damages sustained by the defendants because of the alleged fraud, if we limit the offers of proof to the scope of the questions; and very little if we do not. Without proof of such facts, proof of fraud could not avail the defendants, either on the theory of failure of consideration (*Black* v. *Ridgway*, 131 Mass. 80, 84; *Finance Corp. of New England, Inc.* v. *Maynard*, 249 Mass. 294, 297, 298), or on the theory of recoupment, if recoupment is permissible in a case like this. *Roche* v. *Gryzmish*, 277 Mass. 575. *Bank of United States* v. *Thomson & Kelly Co.* 290 Mass. 224, 228.

The nearest approach to evidence of value or damage was contained in an offer of proof made upon the exclusion of the following question to the son of the defendants who was not shown to be competent to express an opinion as to the value of real estate in Coral Gables: "Will you state everything that Mr. Atkinson [an alleged salesman for the payee] said to you and your father in your presence before the time of the signing and the payment of the money and the signing of these notes." The offer of proof occupies two pages of the printed record. It contains not only representations attributed to Atkinson, but also assertions of their falsity, an assertion that the payee did not keep its promises and did not intend to keep them, an assertion that the witness communicated the representations to his mother, and an assertion that she relied upon them in

signing the notes. In this medley of assertions was one that "on account of the failure to improve these properties [as promised], and on account of the fact that there was a glut of houses at the time that these representations were made, that the houses became — the property became absolutely worthless." The statement in the bill of exceptions, following the offer of proof, that "the court excluded all this testimony" and that "the defendants duly saved exception to the refusal of the court to admit this line of evidence," does not, in our opinion, enable the defendants to rely upon every fragment of such an offer of proof as though it had been presented upon an appropriate question. The exceptions to the exclusion of evidence need not be discussed in detail, for the whole defence fails for want of evidence of value or damage sufficient to enable the jury to determine the issues on trial favorably to the defendants. The judge was right in directing the jury to answer the issues favorably to the plaintiff.

The only ground of attack upon the decree, not already discussed, is that the basis of equity jurisdiction has ceased to exist. The bill alleged that the defendants Beerman, Ruby and McLaughlin, later grantees of the Florida land, made an agreement with the defendants Ida Bixby and Louis H. Bixby to pay the notes in question, and that the defendants Ida Bixby and Louis H. Bixby are the owners of stock in a corporation called Bixby Club Plan, Inc. The bill sought to reach these assets of the Bixbys. The attempt to hold Beerman, Ruby and McLaughlin was abandoned during the progress of the suit. Louis H. Bixby admitted owning two shares of stock in the corporation named. As to him the jurisdiction in equity was perfect. Ida Bixby was found to own no such stock. Neither of these defendants set up in the answer any want of equity jurisdiction, but both went to trial by jury upon the issues of the existence and amount of the debt. Without considering other possible answers (*Carleton & Hovey Co.* v. *Burns*, 285 Mass. 479, 486), these facts show that there was no error in entering a final decree on the merits. *Adams* v. *Silverman*, 280 Mass. 23. *Potier* v. *A. W. Perry*,

*Inc.* 286 Mass. 602, 609.  *Giles* v. *Giles,* 293 Mass. 495. The case of *Hoshor-Platt Co.* v. *Miller,* 190 Mass. 285, is not applicable.  See also *Westfield Savings Bank* v. *Leahey,* 291 Mass. 473, 475.

> *Exceptions overruled.*
> *Decree affirmed with costs.*