LILLIAN LARKIN TABER & another *vs.* MORRIS TENOVSKY.

Suffolk.     February 3, 1943. — February 24, 1943.

Present: FIELD, C.J., LUMMUS, DOLAN, COX, & RONAN, JJ.

*Evidence*, Cumulative.  *Practice, Civil*, Exceptions: whether error harmful.  *Error*, Whether harmful.

Exceptions to the exclusion of evidence of facts amply shown by other evidence admitted without objection were overruled.

Certain testimony by a husband as to his observations of the condition of his wife for a period after she had sustained personal injuries contained medical conclusions which were so small an element of his testimony that, although they constituted improper testimony by a lay witness, an exception to the admission of the testimony must be overruled under G. L. (Ter. Ed.) c. 231, § 132.

TORT.  Writ in the Municipal Court of the City of Boston dated February 13, 1942.

Upon removal to the Superior Court, the action was tried before *Warner*, J.

*H. S. Avery*, for the defendant.

*J. T. Doherty*, (*A. C. Rome* with him,) for the plaintiffs.

LUMMUS, J.  The female plaintiff, hereinafter called the plaintiff, seeks damages for personal injuries sustained by being knocked down by an automobile operated by the defendant.  The jury returned a verdict for the plaintiff.  The defendant admitted that there was sufficient evidence that the defendant was negligent and the plaintiff free from contributory negligence.  The defendant's exceptions relate to damages.

There was evidence that the plaintiff worked under her maiden name of Lillian Larkin, although she was married, and that she did so because her employer would not knowingly employ married women.  The defendant endeavored to show through the plaintiff as a witness that she brought the action in her married name, and excepted to a statement by the judge that the fact was not of consequence.  It was obvious from testimony received without objection

that the action was brought in her married name. There could be no objection to her suing in her married and real name. The exception cannot be sustained.

The husband of the plaintiff was allowed to testify that after the accident the plaintiff was no longer full of life, was irritable and nervous, and that for the first three or four days she would for a short period of time go out of her head and try to pull the bandages off her forehead. He testified that when he went to a theatre with the plaintiff, her knees would become so stiff that she could not stand up. The defendant argues that this testimony contains medical conclusions which a lay witness could not draw. The element of conclusion in this testimony is so small that we do not think that it injuriously affected the substantial rights of the defendant. G. L. (Ter. Ed.) c. 231, § 132. Therefore the exception to the admission of this testimony is overruled.

The accident caused a displacement of the clavicle or collar bone, with a disfiguring scar. On the question of damages any preëxisting disfigurement of the parts was material. Before the accident the plaintiff had had her right breast removed, and had a diagonal visible scar seven or eight inches long extending from the deltoid region of the shoulder towards the sternum or breastbone. The defendant asked a physician how wide the scar was, and when the question was excluded offered to show that it was a disfiguring scar. He did not offer to show its width or otherwise to describe it, beyond its location and length which already had appeared. His exception must be overruled. An offer of proof is ineffective which states facts beyond the scope of the question asked. *Coral Gables, Inc.* v. *Beerman,* 296 Mass. 267, 268, 269. It was evident upon evidence admitted without objection that the scar was of a disfiguring nature. The defendant had the benefit of all material facts relating to that scar.

*Exceptions overruled.*