COMMONWEALTH *vs.* EDWARD J. WHITE
(and a companion case [1]).

Suffolk.     October 4, 1948. — October 28, 1948.

Present: QUA, C.J., LUMMUS, DOLAN, WILKINS, & WILLIAMS, JJ.

*Evidence,* Admissions and confessions. *Pleading, Criminal,* Plea. *Practice, Criminal,* New trial.

No error appeared in the admission in evidence at a murder trial of an alleged confession by the defendant where, although the defendant testified that he was in fear of beating by a police officer when he made the confession, the judge submitted to the jury the question whether the confession was voluntary and instructed them to disregard it if it was not shown to have been voluntary.

A refusal by the judge at a late stage of a murder trial to record a proffered plea of guilty of murder in the second degree in place of an original plea of not guilty disclosed no error.

The defendant in a murder case could not as of right press as a ground for a motion for a new trial alleged prejudice to him through an incident which had occurred in the court room during the trial and as to which his counsel, although aware of it at the time, had made no objection and asked no ruling or action by the judge.

Two INDICTMENTS, found and returned on September 10, 1947, and November 6, 1947, respectively.

The cases were tried together before *Brogna,* J.

*E. P. Benjamin,* for the defendants.

*Edward M. Sullivan,* Assistant District Attorney, for the Commonwealth.

---

[1] The companion case is Commonwealth *vs.* William White, alias William Wheatley.

LUMMUS, J.  The defendants Edward J. White and William White were charged in separate indictments with the murder of one Nicholas G. DiMartino on August 9, 1947. The cases were tried together.  Each defendant was found guilty of murder in the first degree.

The evidence for the Commonwealth was in substance that the defendants assaulted DiMartino with intent to rob him, and that in the course of the robbery the defendant Edward J. White drove a knife into DiMartino's heart and the defendant William White fractured DiMartino's skull with an iron bolt weighing one pound.  DiMartino died during and because of the assault.

Evidence of confessions by both defendants was introduced.  But the defendant Edward J. White testified that about two hours before his confession was made he had been beaten by a police officer named Sullivan and was in fear of further beating when he made his confession.  Sullivan denied any assault, and his evidence and that of his superior was that he was out of town at the time.  The judge admitted the confession in evidence, but in his charge submitted to the jury the question whether the confession of Edward J. White was voluntary, or the product of force or fear or promises, instructing the jury that if it was not shown to be voluntary they should disregard the confession.  This was in accordance with the correct practice. *Commonwealth* v. *Preece,* 140 Mass. 276.  *Commonwealth* v. *Galvin, ante,* 205, 215.  We have no reason to doubt the admissibility of both confessions.

At a late stage in the trial, the defendant William White, through his counsel, expressed his desire to change his plea from not guilty to guilty of murder in the second degree. After that he rested.  The judge declined to record his new plea, and he excepted.  Obviously, a defendant charged with murder in the first degree has no right at his will to reduce his crime to murder in the second degree, even though he is willing to plead guilty to the latter offence. *Commonwealth* v. *Mahoney,* 115 Mass. 151.  The action of the judge was free from error.

After verdict, the defendants filed motions for a new

trial. The only ground now relied on in support of those motions is stated therein, as follows: "As the closing arguments were to begin, the small court room was crowded, with no vacant seats. Across the court room, directly opposite and facing the jury and in its clear unobstructed view, is a solitary bench, customarily used by persons having official business with the court. It stands alone. As the session was about to begin, it was filled entirely with seven or eight fashionably garbed and decorated, attractive young women, seated there by one of the court officers who stated jokingly, but taken seriously by counsel for the defence, that they were his daughters, attending their first murder trial. . . . The assistant district attorney, yelling to the utmost extent of his lung power, with matchless oratorical effect as he strode before the jury, pointing and thrusting his finger alternately at them and the defendants. Meanwhile, on the settee, in full and unobstructed view of the jury, the eight young women's faces registered every human emotion of rage, grief, horror and disgust, honestly and unconsciously, as their sympathies were played upon by the yelling fighting district attorney." There is no finding by the judge that the assertions contained in the motions are true.

We need not consider whether under any circumstances the establishment of the facts stated in the motions for a new trial would have required the granting of those motions. It is not alleged that the circumstances narrated were unknown to counsel for the defendants at the time. On the contrary, the allegation in the motions as to a statement by one of the court officers shows that counsel for the defendants was aware of what was going on. He made no objection at the time to the presence or the conduct of the young women, asked no ruling or action by the judge, and took no exception. It is well settled that counsel may not reserve for a motion for a new trial any question or matter that could have been brought forward at the trial. *Commonwealth* v. *Polian*, 288 Mass. 494, 501. *Commonwealth* v. *Gricus*, 317 Mass. 403, 405.

The defendants rely on no exceptions saved at the trial,

but we have dealt with the questions covered by the report of the trial judge, and as required by G. L. (Ter. Ed.) c. 278, § 33E, as amended by St. 1939, c. 341, we have examined the record for the purpose of determining whether the verdict was against the law or the weight of the evidence or whether justice requires a new trial. *Commonwealth* v. *Gricus*, 317 Mass. 403, 406, 407. *Commonwealth* v. *Bellino*, 320 Mass. 635, 645, 646. We discover no reason for disturbing the verdicts.

In each case the entry will be

*Judgment affirmed.*