## COMMONWEALTH *vs.* JOHN F. DOYLE.

Bristol.   November 30, 1948. — February 3, 1949.

Present: QUA, C.J., LUMMUS, RONAN, WILKINS, & WILLIAMS, JJ.

*Evidence,* Admitted without objection, Offer of proof, Relevancy and materiality, Affidavit. *Witness,* Cross-examination. *Practice, Criminal,* New trial.

A trial judge cannot be required to strike out evidence admitted without exception even though its admission would have been adjudged error had there been a seasonable exception thereto.

No reversible error was shown in the exclusion of an immaterial question on cross-examination where there was no offer of proof or statement as to what answer was expected.

After a witness had testified to a statement made to him by a party, it was not error to exclude, in cross-examination by that party, a question asking the witness "in what way" he thought the statement attributed to the party "was germane or part of the coherent conversation."

In cross-examination of a witness who had testified to a conversation with a party, there was no error in excluding a question as to whether a certain statement by the party to the witness was "responsive" to anything which the witness had said to him.

A witness could not properly have been questioned concerning the accuracy of statements in a newspaper concerning certain facts as to which he had testified.

An offer of proof of facts irresponsive to an excluded question is ineffective.

A judge is not required to believe facts stated in an affidavit supporting a motion for a new trial of an indictment.

The question, whether taking a verdict of guilty on each of two counts of an indictment was error because the counts were inconsistent, could have been raised at the trial by a motion that the Commonwealth be required to elect between the counts and therefore could not be raised as of right upon a motion for a new trial.

INDICTMENT, found and returned on November 17, 1947.

The case was tried before *O'Brien,* J.

In this court the case was submitted on briefs.

*F. Juggins & A. F. Hassett,* for the defendant.

*G. Fingold,* Assistant Attorney General, *& J. E. Lajoie,* District Attorney, for the Commonwealth.

LUMMUS, J. The defendant, a councillor of the city of Fall River, was indicted in two counts, one for corruptly requesting of Norman A. Dubois a gift or gratuity or a promise to make a gift of $5,000 under an agreement or with an understanding that his vote, opinion or judgment would be given in favor of the purchase by the city from said Norman A. Dubois of a parcel of land. The other count was similar, except that the money was described as "a certain sum of money." G. L. (Ter. Ed.) c. 268, § 8.

The defendant was found guilty by a jury on both counts, and sentenced to not more than seven years nor less than five years in the State prison on each count, the sentences to run concurrently. The case comes here on a report with an assignment of errors and a transcript of evidence, under G. L. (Ter. Ed.) c. 278, §§ 33A–33G.

The evidence showed that an order was before the city council of Fall River in 1945 for the purchase by the city of land at Sandy Beach, in which Norman A. Dubois was interested, for the sum of $22,750. The first assignment of error is to the admission in evidence of the testimony of the city clerk that in 1946 he learned that an investigation was being carried on by the State police concerning that order. That assignment was not argued by the defendant, and consequently was waived. *Commonwealth* v. *Gale*, 317 Mass. 274, 276.

The Commonwealth put on the stand as a witness Mayor Murray of Fall River. He testified to the discussions in the city council and elsewhere as to the sewage problem in Fall River. On redirect examination the Commonwealth asked him what the several questions asked him by the defendant on cross-examination had to do with the question of acquiring the Sandy Beach site for the sewage disposal plant, and he was permitted to answer that those questions had no bearing on the matter. The defendant did not except to the admission of the evidence until the witness had answered, and then excepted only to the refusal of the judge to strike the answer out. The answer was in the evidence, and the judge was not required to strike it out even though on seasonable exception its admission would have been adjudged

error. *Boyle* v. *Columbian Fire Proofing Co.* 182 Mass. 93,
99. *Crowley* v. *Swanson*, 283 Mass. 82, 85. *Solomon* v.
*Dabrowski*, 295 Mass. 358, 360.

The third assignment of error is to the exclusion of a
question asked by the defendant on cross-examination of
Norman A. Dubois. The witness testified that he told the
defendant that he was willing to pay a real estate broker
five per cent for selling the property to the city, but was
unwilling to pay anything to a councillor. The defendant
asked him, "Has that always been your position, your
story?" and excepted to the exclusion of the question. No
offer of proof was made, and no statement as to what was
hoped for in answer to the question. Ordinarily with re-
spect to questions asked on cross-examination, no offer of
proof is required. *Stevens* v. *William S. Howe Co.* 275
Mass. 398, 402. *Commonwealth* v. *Rudnick*, 318 Mass. 45,
56. But where as here it was immaterial whether the wit-
ness had always been willing to pay a real estate broker but
unwilling to pay a councillor, the cross-examiner may reason-
ably be expected to state his hope of an answer that would
appear helpful to the defendant. *Commonwealth* v. *Sherman*,
294 Mass. 379, 389. See also *McGeorge* v. *Grand Realty
Trust, Inc.* 316 Mass. 373, 377. No harmful error is shown.

The fourth assignment of error relates to another question
put to Dubois on cross-examination. Dubois testified that
the defendant said to him that "some of those fellows,"
meaning apparently the councillors, were a "lot of wolves."
The defendant asked him, "In what way did you think that
that was germane or part of the coherent conversation, if
the only talk that you had with him was relative to the sale,
that you were willing to pay a real estater a five per cent
fee?" The question was excluded, and the defendant ex-
cepted. There was no error in excluding the question. If
the defendant said that the councillors were "wolves," it
made no difference whether that statement was germane to
the subject under discussion, or part of a coherent conversa-
tion. Whether it was or not, the jury were the ones to deter-
mine the fact, so far as it was material.

The fifth assignment of error is to the exclusion of a

question to Dubois on cross-examination as follows, "Was there in anything that you said to him [the defendant] in any words which naturally called for an answer to be responsive that 'these fellows were a bunch of wolves'?" There was no error in this. The witness could state what the conversation was. Whether it was natural, reasonable or responsive was for the jury.

The sixth assignment of error is to the exclusion of questions to the witness Dubois concerning a publication in the Providence Journal, by which he was asked whether he notified that newspaper that the publication was not accurate, and whether he could state what parts of that publication were accurate and what were not. The witness had already testified as to the facts of his conversation with the defendant, to which the publication related, and was cross-examined fully as to the matter. He could not be required to compare the facts with the statements made in the newspaper.

The seventh assignment of error is to the exclusion of a question to one Isherwood, a witness called by the defendant. Isherwood testified that he called on Dubois. The defendant asked Isherwood, "Did you acquaint him [Dubois] at that time with your purpose of calling on him?" The question being excluded, the defendant made an offer of proof as follows: "The defendant offers in evidence the testimony of one Isherwood to the effect that he had repeated conferences with Mr. Dubois at the home of Mr. Dubois, and at those interviews there were discussed between them, as to his, Dubois's, desire to sell the property and the length of time he had been endeavoring to sell it. Isherwood made an offer to purchase, and on a second or third interview, when Mr. Isherwood had made a substantial offer for the property to Mr. Dubois and Mr. Dubois did not accept it, the defendant offers through Isherwood to show that Mr. Dubois said to Mr. Isherwood, 'Don't you know any members of the council in Fall River?' He was assured by Mr. Isherwood that he knew all except one. Mr. Dubois said to Mr. Isherwood, 'I wish you would go down and see the members of the council and see what it would

cost to secure the purchase of this property by the city, and whatever it would cost I will pay.' '' The offered evidence being still excluded, the defendant excepted.

Technically, the offer of proof was not such as to raise the question of the admissibility of the evidence stated in the offer of proof. Rugg, J., said in *Hallwood Cash Register Co.* v. *Prouty,* 196 Mass. 313, 315, ". . . one cannot propound a question . . . narrow in scope, and then, by offering to prove irresponsive though material matters, thereby save a good exception." In *Taber* v. *Tenovsky,* 313 Mass. 324, 325, it is said, "An offer of proof is ineffective which states facts beyond the scope of the question asked." The facts stated in the offer of proof were not responsive to the question asked. Besides, the defendant was charged with requesting a bribe. Even if the offered evidence showed that at one time Dubois was willing to pay a bribe, it did not tend to show that the defendant did not request one. We find no error in the exclusion of the evidence.

The eighth and ninth assignments of error are to the denial of two motions for a new trial. The eighth assignment was not argued by the defendant. Some of the grounds of the motion to which the ninth assignment relates were not apparent on the record but were presented upon affidavits. As to these grounds, it is enough to say that the judge was not required to believe the affidavits. *Commonwealth* v. *Millen,* 290 Mass. 406, 410. *Boston* v. *Santosuosso,* 307 Mass. 302, 353. *Commonwealth* v. *Noxon,* 319 Mass. 495, 552. Under his ninth assignment of error the defendant complains that the taking of a verdict of guilty upon each of the two counts of the indictment was error. The difference between the two counts is simply that in the first count the gift or gratuity alleged to have been requested by the defendant is described as "five thousand dollars," while in the second count it is described as "a certain sum of money." The defendant relies on *Commonwealth* v. *Fitchburg Railroad,* 120 Mass. 372, in which the taking of a verdict of guilty upon each of three counts for a single offence was held error, where the three counts were "inconsistent with each other," so that all could not have been proved.

See also *Commonwealth* v. *Holmes*, 165 Mass. 457, 459. In the present case, the point is the merest technicality, since the sentences on the two counts were the same and to be served concurrently. But we do not find it necessary to consider whether the two counts were inconsistent.

The short answer to the defendant's contention is that the defendant could have raised the point at the trial by a motion that the Commonwealth be required to elect between the counts, and an exception to the denial of that motion. Instead, he waited until after the verdicts, and then sought to raise the point upon a motion for a new trial. It is well settled that a party cannot reserve for a motion for a new trial a point that he could have raised at the trial. *Commonwealth* v. *Morrison*, 134 Mass. 189. *Commonwealth* v. *Borasky*, 214 Mass. 313, 321. *Commonwealth* v. *Peach*, 239 Mass. 575, 580. *Commonwealth* v. *Dascalakis*, 246 Mass. 12, 24. *Commonwealth* v. *Cero*, 264 Mass. 264, 275. *Commonwealth* v. *Osman*, 284 Mass. 421 426. *Commonwealth* v. *Polian*, 288 Mass. 494, 501. *Commonwealth* v. *Venuti*, 315 Mass. 255, 261. *Commonwealth* v. *Gricus*, 317 Mass. 403, 405. *Commonwealth* v. *White*, 323 Mass. 323, 325.

The remaining assignments of error are to the refusal of various requests for rulings as to the motions for a new trial. As to them, it is enough to say that the protases of these requests were not made material by any evidence shown by the record. Besides, these assignments do not appear to have been argued by the defendant.

*Judgment affirmed.*