COMMONWEALTH *vs.* EDWARD J. WHITE.

Suffolk. May 2, 1972. — June 22, 1972.

Present: TAURO, C.J., REARDON, QUIRICO, BRAUCHER, & HENNESSEY, JJ.

*Practice, Criminal,* Assistance of counsel, New trial. *Grand Jury. Evidence,* Admissions and confessions.

On a motion for a new trial of a criminal case, assertions of the defendant, a Negro, that prejudice possibly existed due to systematic exclusion of Negroes from the grand jury that indicted the defendant, unlawful presence of persons before the grand jury, and witnesses appearing before the grand jury contributing only hearsay evidence, were based on conjecture and not supported by anything which could be considered helpful evidence. [195]

A judge hearing a motion for a new trial of a murder case was correct in determining that the defendant suffered no prejudice from the absence of counsel at a probable cause hearing in a Municipal Court and at his arraignment in the Superior Court. [195]

There was no constitutional impediment to having one counsel repre-
sent two defendants in a murder case.   [195–196]
A confession was not to be excluded at a murder trial solely on the
ground that the defendant was of low intelligence and illiterate.
[196]

INDICTMENT found and returned in the Superior Court
on September 10, 1947.

A motion for a new trial was heard by *Ford, J.*

*Raymond A. Letourneau* for the defendant.

*Garrett H. Byrne*, District Attorney, *Alvan Brody &
Alfred E. Saggese, Jr.*, for the Commonwealth, submitted
a brief.

REARDON, J.   This matter comes here on an appeal
from the denial of an amended second motion for a new
trial in which the defendant makes several assignments
of error based on (1) the alleged failure of the Munic-
ipal Court of the City of Boston to appoint counsel to
represent him at arraignment and at his probable cause
hearing; (2) the action of the Superior Court judge in
allowing him to plead to an indictment for murder in the
first degree at his arraignment without appointed coun-
sel being present; (3) error of the Superior Court judge
in not ruling that he had not intelligently and knowingly
waived counsel in the Municipal Court in the light of a
Department of Mental Health report relative to him;
(4) the infringement of his constitutional rights by the
court appointment of the same counsel to defend him as
was appointed to defend his codefendant at the trial in
1948; and (5) the failure of the Superior Court judge, in
view of the report received from the Department of
Mental Health, to rule that mental incompetency pre-
cluded the possibility of his making a voluntary con-
fession.

The defendant was arrested and indicted in 1947,[1] and
tried in 1948 for murder in the first degree.   Counsel

---

[1] In the Municipal Court, the defendant was bound over without bail
for indictment. At his arraignment in the Superior Court, the de-
fendant pleaded not guilty.

was appointed to represent him, and following trial he was found guilty and sentenced to death, a sentence which was commuted to life imprisonment in 1949. Further facts on the crime with which he has been charged are to be found in *Commonwealth* v. *White*, 323 Mass. 323.

The judge who presided at the trial of the defendant in 1948 having died, a second Superior Court judge was assigned to hear the amended second motion for a new trial. It is evident from his elaborate findings that he conducted a thorough review of what had occurred. It appears that counsel was appointed before, and not after, the arraignment of the defendant. Compare *Chin Kee* v. *Commonwealth*, 354 Mass. 156. The appointment of counsel occurred on September 11, 1947, with arraignment on September 29, 1947. As the judge points out, there was ample time for the filing of any pleas in abatement and, in fact, by leave of court counsel could have filed such pleas later than the arraignment date. No such requests were made.

1. There is argument before us that prejudice possibly existed from failure of proper investigation of (1) systematic exclusion of Negroes from the grand jury (the defendants at the 1948 trial being Negroes); (2) unlawful presence of persons before the grand jury; and (3) witnesses appearing before the grand jury contributing only hearsay evidence. These asseverations were based on conjecture and not supported by anything which could be considered helpful evidence. In addition, the judge was correct in determining that the defendant suffered no prejudice "from the absence of counsel at the hearings in question." His distinction between the situation at issue and that in *Coleman* v. *Alabama*, 399 U. S. 1, is apt.

2. The judge ruled there was no constitutional impediment in having one counsel represent two defendants. He noted also that this court had examined the record in *Commonwealth* v. *White*, 323 Mass. 323, pursuant to G. L. c. 278, § 33E. We find no conflict of interest prejudicially detrimental to the defendant. *Englehart* v.

*Commonwealth,* 353 Mass. 561, 562. *Commonwealth* v. *Bernier,* 359 Mass. 13, 23. *United States* v. *Bentvena,* 319 F. 2d 916, 937 (2d Cir.). *United States* v. *Dardi,* 330 F. 2d 316, 335 (2d Cir.).

3. The defendant alleges that it should have been found by the judge that he was too feebleminded and illiterate to make a voluntary confession. There was no question that he was of low intelligence but, as the Commonwealth asserts, we know of no law which "precluded the admission of an otherwise valid confession" by virtue of illiteracy. There is a distinction between that confession emanating from one suffering an active mental disease or personality disturbance and one coming from a defendant whose mental power is much less than average but who can still comprehend and understand what it is that he is doing when he makes a confession. Compare *Commonwealth* v. *Eisen,* 358 Mass. 740; *Eisen* v. *Picard,* 452 F. 2d 860 (1st Cir.). We are unwilling to adopt the theory that a low intelligence quotient alone makes an otherwise valid confession inadmissible. As has been elsewhere stated, each case must stand on its own merits. *McAffee* v. *United States,* 105 F. 2d 21 (D. C. Cir.) 1939. There was no error.

*Order denying amended second motion for new trial affirmed.*