Raymond Edgar CONNOR, Appellant
(Defendant below),

v.

The STATE of Wyoming, Appellee
(Plaintiff below).

No. 4444.

Supreme Court of Wyoming.

July 2, 1975.

John W. Pattno of Pattno & Smith, Cheyenne, for appellant.

David B. Kennedy, Atty. Gen.; Jerome F. Statkus, Timothy J. Judson, Asst. Attys. Gen., Cheyenne; and Carl B. Lucas, Law Student, Wyoming Prosecution Assistance Program, Laramie, for appellee.

Before GUTHRIE, C. J., and Mc-CLINTOCK and THOMAS, JJ.

GUTHRIE, Chief Justice.

Appellant herein was convicted of aiding and abetting in the commission of a burglary and of having been previously convicted of a felony, and was sentenced to a term of not less than fifteen nor more than thirty years for the crime of aiding and abetting, and was convicted of being an habitual criminal under § 6–10, W.S.1957, 1973 Cum.Supp., having been three times previously convicted of felonies before his conviction under the first count, and was sentenced to life imprisonment on this charge. It is from this judgment and sentence he has appealed.

No detailed factual summary is necessary to understand our disposal of this matter, but it does appear that the principal witness against defendant was Raymond Bernard Mora, Jr., a sixteen-year-old juvenile who accompanied defendant and Leroy Romo to Cheyenne from Longmont, Colorado, the evening of January 31, 1974, in defendant's automobile. After their arrival in Cheyenne defendant drove the others to a point near the business called "The Supply Sergeant," where he let them out, and defendant instructed Mora to go into the store with Romo and to follow his directions. After their entry had been made by breaking a window, and during the process of gathering up certain property and guns, Romo and Mora were arrested by police officers before leaving the building. Defendant was stopped by an officer while he was leaving the neighborhood and given a traffic citation but was not arrested because the officer was unaware of his involvement at that time. Later that evening defendant was arrested in a motel room in Cheyenne. Although there is much circumstantial corroboration, Mora was the witness upon whom the State relied for support of its case.

Defendant raises two claims of error, i. e., that he was denied the right to cross-examine the witness Mora in violation of Art. 1, § 10 of the Wyoming Constitution and of the Sixth Amendment to the Constitution of the United States; and the admission by the court, in the trial upon the habitual criminal statute, of the exhibits discussed later in this opinion.

No separate discussion of the possible violation of the Wyoming Constitution will be made because defendant in his brief and argument relies solely on cases involving the Sixth Amendment to the United States Constitution, and confines his argument to that point.

In support of his first point appellant relies upon Pointer v. State of Texas, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923, for the general proposition that the Sixth Amendment guarantees the right of the accused in a criminal prosecution to be confronted with the witnesses against him, and Douglas v. State of Alabama, 380 U.S. 415, 85 S.Ct. 1074, 1079, 13 L.Ed.2d 934, which correlates the right of confrontation with the right of effective cross-examination. These rulings are, of course, binding

upon this court and we have no quarrel therewith. Defendant insists that by virtue of the holding in Davis v. Alaska, 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347, he was denied the right to effective cross-examination. This requires an examination of Davis. The principal thrust of that case is the holding that the confidentiality granted to a juvenile and to all proceedings involving him as a matter of State policy, as provided in the Juvenile Code, must yield to the right of effective cross-examination under the Sixth Amendment; and there was in that case a denial of effective cross-examination of constitutional magnitude under the evidentiary rule in Alford v. United States, 282 U.S. 687, 51 S.Ct. 218, 75 L.Ed. 624, which affords the defendant a right to develop all evidence on cross-examination which tends to show bias of the witness, particularly if immunity or promises have been made which might effect a bias. We do not glean from the opinion in Davis that it is intended to change or expand the usual rules of evidence except the requirement defendant be allowed to develop such evidence as might be necessary to show "possible bias or prejudice," which might be developed by reference to the juvenile court record, and we find comfort in the similar interpretation placed thereon by Mr. Justice Stewart in his concurrence in Davis v. Alaska, supra, 94 S.Ct. at 1112–1113.

■ We will, then, proceed to an examination of the record in this case. Defendant bases his contention upon the following which occurred during cross-examination of the witness Mora:

"Q. You were shaken up. Why were you shaken up? A. Well, because I had been arrested, and this was the first time something like this ever happened to me.

"Q. You have never been arrested before? A. Yes, I have.

"MR. CARROLL: Object to that as being irrelevant. The proper question, if this is for impeachment, would be has he been convicted of a felony.

"THE COURT: Well, I think the question has been answered to this extent and we will not pursue it any further, Mr. Pattno."

This question and answer were proper as they would affect Mora's credibility directly insofar as his testimony might be construed as a statement that this was the first time he had ever been arrested. He demonstrably contradicted that statement or inference by his answer that he had been arrested before, and that closed the matter.

■ This was pursued no further by defendant. There was no suggestion that it was preliminary to an inquiry which might show bias, prejudice, or interest affecting his testimony. From this record we understand that the trial judge was ruling that he would not allow further impeachment by showing arrests and would confine such inquiries to felony convictions for that purpose, and the appellant raises no question of the propriety of this ruling. Upon this record we cannot reach the claimed error that the cross-examination was improperly restricted. In apparent anticipation of this appellant contends that Mora, not being a witness for defendant, could not or was not required to make an offer of proof. While there are many general statements that it is not necessary to make an offer of proof when evidence is excluded on cross-examination, a party cannot entirely avoid the application of one of the most important precepts of appellate procedure, which requires that no one can raise a question on appeal upon which the trial court has had no opportunity to rule or unless the question has been in some manner brought to the attention of the trial judge.

■ In State v. Ditzel, 77 Wyo. 242, 314 P.2d 832, this court held that a defendant could raise the issue of the exclusion of questions directed at the defendant without

an offer of proof. This case is clearly distinguishable on its facts but notes the applicable rule. In Ditzel certain questions were propounded to defendant which this court considered admissible. No showing was made what answers defendant would have made and the contention was made that without an offer of proof this could not be reviewed. The court in that case held the ruling was subject to review without such offer but set out the rule which relieves defendant of such responsibility when it said, 314 P.2d at 832:

"* * * This overlooks the rule that when the nature of expected testimony, otherwise clearly appears, an offer of proof is unnecessary. In this case the questions left unmistakable the subject matter of the expected testimony irrespective of the answers being of an affirmative or negative character. [Citations.] * * *"

Then in further discussion the court said:

"The reason for the rule which ordinarily requires an offer of proof in order to preserve objection to the improper exclusion of valid evidence is the necessity of apprising both the trial and the reviewing court of the competency, relevancy and materiality of the expected evidence. However, where this is disclosed by the interrogation itself the reason for the rule disappears."

Although Ditzel may be distinguished upon its facts, it clearly indicates the path of our disposal. This rule, as applied in this case, has been recognized and articulated by Rule 48, W.R.Cr.P. Defendant in this case, having in no manner advised the court nor suggested the reason for any such further inquiry, cannot now escape this burden and contend he was denied his right of effective cross-examination. Perhaps the clearest statement of the applicable rule which has come to the writer's attention appears in Breault v. Ford Motor Company, Mass., 305 N.E.2d 824, 828, where it is said:

"* * * This case, therefore, falls into that relatively rare group of cases where, if the purpose or significance of the question is obscure and the prejudice to the cross-examiner is not clear, we have held that the record must disclose the cross-examiner's reason for seeking an answer to an excluded question. * * *"

Massachusetts has followed this rule in criminal cases also, Commonwealth v. Doyle, 323 Mass. 633, 84 N.E.2d 20, 22; Commonwealth v. Sherman, 294 Mass. 379, 2 N.E.2d 477, 483. Many other jurisdictions adhere to this same rule, State v. De Zeler, 230 Minn. 39, 41 N.W.2d 313, 321–322; Gallegos v. People, 157 Colo. 484, 403 P.2d 864, 872, certiorari denied 383 U.S. 971, 86 S.Ct. 1280, 16 L.Ed.2d 311; State v. Ingle, 64 Wash.2d 491, 392 P.2d 442, 444; United States v. McCowan, 10 Cir., 471 F.2d 361, 365–366; 23 C.J.S. Criminal Law § 1029, p. 1125.[1]

■ The juvenile record of the witness Mora and the prosecution in connection with this charge were opened up by the State on the question of inducement and promises. Since the State opened this door, defendant was entitled to pursue such inquiry as to promises, inducements, and bias, and of the juvenile status of this defendant, and he did so in the cross-examination. No objection was made so far as he pursued this matter on cross-examination, nor did he at that time suggest to the court that his cross-examination had been improperly restricted. This exploration of Mora's juvenile record without objection takes it out of the Davis case, so that the court did not transgress the rule of Davis but as a matter of fact recognized the admissibility of the juvenile proceeding.

1. See Rule 103(a)(2), Fed.Rules of Evidence, P.L. 93–595, 93rd Congress, H.R. 5463, effective July 1, 1975; and Rule 5, Uniform Rules of Evidence, 4 Jones on Evidence, pp. 369–370 (6th Ed.), both of which appear to recognize this rule.

Based upon the failure of the defendant to in any manner advise the court of the purpose of his earlier inquiry and the fact that the juvenile proceedings and possible creation of a bias were explored without objection later in his testimony, there was no error resultant therefrom.

■ Defendant's second ground urged for reversal is that it was error to admit Exhibits 6 and 7. Exhibit 6 is a certified copy of a judgment and sentence entered in the District Court of the Seventh Judicial District of Natrona County, Wyoming, on April 29, 1969, which reflected a guilty plea of defendant herein to a charge of forcible rape committed on October 22, 1968, and a sentence by the court to a term of not less then twelve years and not more than fourteen years in the Wyoming State Penitentiary, and allowing credit for ninety-two days spent in the county jail pending trial. Exhibit 7 is a certified copy of a judgment and sentence entered in the District Court of the Seventh Judicial District of Natrona County on April 29, 1969, reflecting a plea of guilty by defendant to the crime of burglary committed on the 26th day of January 1969, and reflecting a sentence of not less than twelve nor more than fourteen years in the Wyoming State Penitentiary, and it also provided he be given credit for the ninety-two days spent in the county jail. Both such sentences provide they shall be served concurrently. At the time these were offered by the State, defendant objected upon the ground that the law required separate trials and that these exhibits showed these proceedings were held at the same time and the judgments and sentences were rendered at the same time. Defendant now contends this demonstrates they were not separately tried and should not be treated as separate under § 6–10, W.S.1957, 1973 Cum.Supp. In our view this is a novel contention. Defendant cites us to no authority to demonstrate this was error, and under the authority of Drummer v. State, Wyo., 366 P.2d 20, 26; Valerio v. State, Wyo., 429 P.2d 317, 319; and Alcala v. State, Wyo., 487 P.2d 448, 457, certiorari denied 405 U.S. 997, 92 S.Ct. 1259, 31 L.Ed.2d 466, rehearing denied 406 U.S. 911, 92 S.Ct. 1613, 31 L.Ed.2d 823, we need not consider this contention.

The judgment is therefore affirmed.