COMMONWEALTH *vs.* WILLIE J. TAYLOR. January 11, 1980. The defendant appeals from his conviction of voluntary manslaughter on an indictment charging murder in the first degree. There was no error. We think the instant case is controlled in all material aspects by *Commonwealth v. Roy,* 2 Mass. App. Ct. 14 (1974).

1. The defendant claims that certain statements made by him prior to and subsequent to his arrest were improperly admitted in evidence at trial. The defendant's argument rests on factors which he alleges jointly and severally negate a knowing and intelligent waiver of his constitutional rights at the time he made the various statements; succinctly stated, they are that he (1) was under the influence of alcohol, (2) was in an excited emotional state, (3) is of below normal intellect, and (4) was confused as to whether he in fact had been arrested. See *Commonwealth v. Cruz,* 373 Mass. 676, 688 n.10 (1977). Although the judge found that the defendant perhaps was not fully aware that "he was properly arrested for murder," nevertheless, the judge concluded that the defendant understood his Miranda rights, that he knowingly and intelligently waived them and chose to make the various statements in question to the police, and that the statements were made by him freely and voluntarily. *Commonwealth v. Garcia,* 379 Mass. 422, 429 (1980). *Commonwealth v. Roy, supra* at 21. *Commonwealth v. Tisserand,* 5 Mass. App. Ct. 383,

388-389 (1977). We agree. Even though we are mindful that the judge's finding of waiver is entitled to "substantial deference" (*Commonwealth v. Roy, supra* at 19), we have read the transcript of the hearing on the motion to suppress with "special care" (*Haley v. Ohio,* 332 U.S. 596, 599 [1948]) and are able to conclude that despite the defendant's circumstances, the waiver was valid. See *Commonwealth v. Sires,* 370 Mass. 541, 543-545 (1976). See also *Davis v. North Carolina,* 384 U.S. 737, 741-742 (1966). "The influence of . . . alcohol does not . . . automatically invalidate a waiver." *Commonwealth v. Hooks,* 375 Mass. 284, 289 (1978). "Similarly, an adult with a diminished or subnormal mental capacity may make an effective waiver of his rights and render a voluntary, knowing and admissible confession." *Commonwealth v. Daniels,* 366 Mass. 601, 606 (1975). See *Commonwealth v. White,* 362 Mass. 193, 196 (1972). Contrast *Commonwealth v. Roy, supra* at 19 n.2. This is not a case like *Commonwealth v. Hosey,* 368 Mass. 571, 575-579 (1975), where the police should have discerned from the defendant's conduct and characteristics or from other attendant circumstances that the defendant was incapable of making a knowing and intelligent waiver. Contrast *Commonwealth v. Garcia, supra* at 429-430 & n.4; *Commonwealth v. Roy, supra* at 20. Moreover, notwithstanding the expert medical testimony (see *Commonwealth v. Daniels, supra* at 608 n.6), our examination of the details of the interrogation fails to uncover any conduct on the part of the police that offends due process. See *Commonwealth v. Roy, supra* at 19; *Commonwealth v. Daniels, supra* at 607.

2. Although we agree with the defendant that it would have been preferable for the trial judge to give the complete sample instruction set out in the margin in *Commonwealth v. Rodriguez,* 370 Mass. 684, 692 n.10 (1976), we are unable to say that the charge was constitutionally inadequate. Compare *Commonwealth v. Stokes,* 374 Mass. 583, 591-592 (1978). See also *Commonwealth v. Kelley,* 359 Mass. 77, 92 (1971). When the charge is read in its entirety (see *Commonwealth v. Benders,* 361 Mass. 704, 707 [1972]), it is quite clear that the judge adequately instructed the jury that the burden was on the Commonwealth to "prove beyond a reasonable doubt that the defendant did not act in self-defense." See *Commonwealth v. Fluker,* 377 Mass. 123, 129-130 (1979). Contrast *Commonwealth v. Collins,* 374 Mass. 596, 599-600 (1978).

3. The defendant's motion for a new trial raises no question of law not already disposed of above.

> *Judgment affirmed.*
> *Order denying motion for*
> *new trial affirmed.*

*Daniel J. O'Connell, III,* for the defendant.
*Kevin F. Driscoll,* Legal Assistant to the District Attorney (*Michael J. Traft,* Assistant District Attorney, with him) for the Commonwealth.