(640 P.2d 321)

No. 53,269

STATE OF KANSAS, *Appellee,* v. ARLIE JAY MOSS, *Appellant.*

Petition for review denied March 3, 1982

Opinion filed January 21, 1982.

*James W. Morrison,* of Morrison, Frost and Olsen, of Manhattan, for appellant.

*Patrick Caffey,* assistant county attorney; *Robert M. Socolofsky,* county attorney; and *Robert T. Stephan,* attorney general, for appellee.

Before FOTH, C.J., SPENCER and MEYER, JJ.

MEYER, J.: This is an appeal by Arlie Jay Moss (appellant) from his conviction of arson in violation of K.S.A. 21-3718.

Appellant claims the trial court erred in refusing to grant a motion for change of venue herein.

A decision on a motion to change venue is within the sound discretion of the trial court. Before a change of venue is required, prejudice must be shown as a demonstrable reality, and the publication of articles in local newspapers does not, in and of itself, establish prejudice. See *State v. Gander,* 220 Kan. 88, Syl. ¶ 6, 551 P.2d 797 (1976).

One juror who had been challenged for cause was excused by the court, and another was excused because the juror knew the appellant's family and had discussed the case; all others were passed "for cause" by the appellant. None of the remaining prospective jurors felt that they would have any problem acting impartially. Appellant did present some sixteen affidavits (notably all identical) indicating publicity was unfavorable to appellant. On the other hand, the State conducted a public opinion poll of some 200 persons selected at random, which resulted in a

response from some 81 percent of those polled that they had formed no opinion relative to appellant's guilt or innocence. The trial court did not abuse its discretion in refusing to grant a change in venue.

Appellant also claims error in that the trial court, over objection by appellant, admitted testimony to the effect appellant had attended a number of fires. Considering appellant's own admission that he enjoyed helping firemen put out fires, the evidence was relevant to show motive and was thus admissible, especially in view of appellant's confession to the effect that that is why he started the fire.

Appellant's contention that the trial court erred in admitting evidence of his confession warrants more extensive consideration. It is noted that appellant is in the lower percentile of intelligence (allegedly in the lower 2.2 percent of the general population), that his intelligence quotient is 63, and that he is a near-retarded person. However, the record discloses that he had an eighth grade education and had "extensive social learnings." The trial court also found that, in addition, he had been gainfully employed for a number of years, that he had sufficient verbal skills to respond to the officers' inquiries, and that he waived his *Miranda* rights knowingly and voluntarily.

In *State v. Creekmore,* 208 Kan. 933, 934, 495 P.2d 96 (1972), the court held that while the intelligence of a defendant is a factor to be considered in determining voluntariness of a confession, the essential inquiry in determining voluntariness is "whether the statement was the product of the free and independent will of the accused."

In *State v. Thompson,* 221 Kan. 165, 558 P.2d 1079 (1976), defendant alleged that he was incapable of voluntarily and intelligently waiving his right to remain silent due to the fact that he had an I.Q. of 68. The court therein stated:

"The mental deficiencies of the defendant may be an important factor in determining whether or not a confession was voluntarily given. That fact alone, however, is not conclusive evidence on the issue." 221 Kan. at 170.

The trial court's determination that the statement was freely, voluntarily and intelligently given was affirmed.

See also *Grayson v. State,* 438 S.W.2d 553 (Tex. Crim. 1969), where the court admitted the confession of a defendant who had

an intelligence quotient of 51; and *State v. Edwards,* 257 La. 707, 714, 243 So. 2d 806 (1971), where the court held:

"Moderate retardation and a low intelligence quotient do not of themselves vitiate the ability to knowingly and intelligently waive constitutional rights and make a free and voluntary confession."

Other cases of similar import include *State in Interest of A.B.M.,* 125 N.J. Super 162, 309 A.2d 619, *aff'd* 63 N.J. 531 (1973) (where defendant had an I.Q. of 66 on one test and 69 in another); *Commonwealth v. White,* 362 Mass. 193, 196, 285 N.E.2d 110 (1972), where the court said, "We are unwilling to adopt the theory that a low intelligence quotient alone makes an otherwise valid confession inadmissible. . . . [E]ach case must stand on its own merit." Also, *Commonwealth v. Abrams,* 443 Pa. 295, 278 A.2d 902 (1971) (where defendant had an I.Q. of 69); and *Commonwealth v. Darden,* 441 Pa. 41, 271 A.2d 257 (1970) (where defendant had a verbal I.Q. of 71, performance I.Q. of 75, and full scale I.Q. of 76).

In the instant case the trial court sustained appellant's motion to suppress insofar as statements made in the early part of the interrogation are concerned. However, a fair interpretation of what the trial court had in mind, as shown by the transcript, indicates the trial court might well have felt that all of appellant's statements were admissible, but wanted to make sure appellant was given the benefit of any doubt. This is indicated by the trial court's statement:

"But I think a safer course of action to insure that we don't have error and to insure that we have the defendant guaranteed his constitutional right that we would suppress the statement that he made to Officer Jager, 'Yes, I did it' . . . ."

Thereupon, the court suppressed the earlier part of appellant's interview and allowed admission of that part of the interrogation which occurred after Deputy Fire Chief Reese appeared (he having been called at appellant's request), on the ground that what was said upon Reese's arrival "refreshed" the *Miranda* warning. It is apparent the court was being very careful to protect appellant's rights, perhaps out of an excess of caution. In any event the court did not commit error in admitting that portion of appellant's statement which it did admit. Neither is it error that the court allowed additional testimony, reconsidered the matter, and thereafter allowed into evidence a portion of the confession after having earlier suppressed all of the confession.

We conclude appellant received a fair trial and that none of his allegations of error have merit.

Affirmed.